JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff, Donna Stohlmann, appeals from a decision rendered by the Cuyahoga Common Pleas Court granting separate motions for summary judgment in favor of the City of Lyndhurst, Detective Uzell and Jennifer and Lawrence Hall. For the reasons that follow, we dismiss for lack of appellate jurisdiction.
 {¶ 2} On June 30, 2000, plaintiff filed suit against defendants, News Herald, The Plain Dealer, WJW, the City of Lyndhurst, Detective Uzell, Jennifer Koski-Hall, and Lawrence Hall, all of whom filed motions for summary judgment. The trial court denied in part and granted in part motions for summary judgment from defendants News Herald and WJW. The court denied The Plain Dealer's motion and granted motions by the City of Lyndhurst, Detective Uzell, and the Halls. A trial date was set and then reset for February 24, 2003.
 {¶ 3} However, on February 20, 2003 plaintiff voluntarily dismissed her entire complaint without prejudice, pursuant to Civ.R. 41(A). On March 21, 2003, she filed an appeal from the trial court's decision to grant the motions for summary judgment in favor of the City of Lyndhurst, Detective Uzell, and the Halls.
 {¶ 4} Appellate jurisdiction must first be established before an appellate court can review a lower court's decision. Section 3(B)(2), Article IV of the Ohio Constitution regulates this state's appellate jurisdiction. It provides, "Courts of appeals shall have * * * jurisdiction to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals * * *." In order for appellate jurisdiction to attach, this court must be presented with a judgment or final order from an inferior court.
 {¶ 5} "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B) are met. Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86,541 N.E.2d 64, syllabus." State ex rel. Scruggs v. Sadler,97 Ohio St.3d 78, 2002-Ohio-5315, ¶ 5. R.C. 2505.02 defines a final order, in part, as an order that affects a substantial right in an action that in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial.
 {¶ 6} CIV.R. 54(B) states:
"When more than one claim for relief is presented in an action whetheras a claim, counterclaim, cross-claim, or third party claim, and whetherarising out of the same or separate transactions or when multiple partiesare involved, the court may enter final judgment as to one or more butfewer than all of the claims or parties only upon an expressdetermination that there is no just reason for delay. In the absence of adetermination that there is not just reason for delay, any order or otherform of decision, however designated, which adjudicates fewer than allthe claims or the rights and liabilities of fewer than all the parties,shall not terminate the action as to any of the claims or parties, andthe order or other form of decision is subject to revision at any timebefore the entry of judgment adjudicating all the claims and the rightsand liabilities of all the parties."
 {¶ 7} Here, plaintiff appeals an order granting summary judgment in
 {¶ 8} favor of appellee. The application of R.C. 2505.02 to the instant facts reveals the lower court's granting of summary judgment would have been a "final appealable order." The granting of summary judgment in favor of the City of Lyndhurst, Detective Uzell, and the Halls satisfies the first prong of R.C. 2505.02, because the decision does affect a substantial right in an action that in effect determines the action and prevents a judgment.
 {¶ 9} However, Civ.R. 54 "establishes that courts may enter final judgment as to one or more, but fewer than all defendants in an action, only upon an express determination that there is no just reason to delay entering such a judgment." Denham v. New Carlisle (1999),86 Ohio St.3d 594, 596. For that reason, at the time the motions were granted the decision did not amount to a "final appealable order," because the grant of summary judgment disposed of fewer than all claims and parties, and the court did not certify the order by expressly finding there is no just reason for delay.
 {¶ 10} If plaintiff had filed a voluntary dismissal of all other
claims and parties, even without prejudice, she could have transformed the lower court's decision into a "final appealable order." Denham,
supra. Denham concerned a wrongful death action against, among others, the City of New Carlisle. After a lower court granted the city's motion for summary judgment, the plaintiff voluntarily dismissed all claims against all the defendants other than the city. Notably, the lower court did not certify that there was no just reason for delay. Because there were no other claims to litigate, the Supreme Court of Ohio determined that the voluntary dismissal of all other parties transformed an otherwise non-appealable order into a final appealable order.
 {¶ 11} Plaintiff in the case at bar, however, failed to recreate the circumstances in Denham, because she dismissed all claims againstall defendants, not just the remaining defendants. "A dismissal without prejudice leaves the parties as if no action had been brought at all."DeVille Photography, Inv. v. Bowers (1959), 169 Ohio St. 267. See, also,Blankenship v. Wadsworth-Rittman Area Hosp., Medina App. No. 02CA0062-M, 2003-Ohio-1288; Toledo Heart Surgeons v. The Toledo Hosp., Lucas App. No. L-02-1059, 2002-Ohio-3577. The dispositive issue here is a voluntary dismissal of the entire case. Because that dismissal rendered the order being appealed a nullity, the order is not appealable. As a result, this court does not have the requisite jurisdiction to hear this appeal. Plaintiff may be able to recommence her action, if she satisfies the statutory requirements.
Appeal dismissed.
It is ordered that appellees recover of appellants their costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Timothy E. Mcmonagle, J., and John T. Patton,* J., concur.
* Sitting by assignment: Judge john T. Patton, retired, of the eighth district court of appeals.