JOURNAL ENTRY and OPINION
{¶ 1} Appellants, Donna Stohlmann and Clifford Stohlmann (collectively referred to as the "Stohlmanns"), appeal the decision of the trial court granting summary judgment against them on their defamation claims allegedly uttered by appellees, City of Lyndhurst ("Lyndhurst"), Detective Clayton Uzell ("Uzell"), and Jennifer Hall and Lawrence Hall (collectively referred to as the "Halls"). For the following reasons, we dismiss the appeal for lack of appellate jurisdiction.
 {¶ 2} In June 2000, the Stohlmanns filed their complaint against the News-Herald, the Plain Dealer, WJW, Lyndhurst, Uzell, and the Halls, alleging defamation. In August 2002, the trial court granted summary judgment in its entirety to Lyndhurst, Uzell, and the Halls, but the case remained pending as to the News-Herald, the Plain Dealer, and WJW. In October 2002, the trial court granted the Plain Dealer's motion for summary judgment and set the case for trial as to the Stohlmanns' remaining claims against the News-Herald and WJW for February 2003.
 {¶ 3} A few days prior to the day of trial, the Stohlmanns voluntarily dismissed their complaint in its entirety, pursuant to Civ.R. 41(A). In March 2003, the Stohlmanns filed their appeal of the trial court's decision granting summary judgment to Lyndhurst, Uzell, and the Halls. This court, in December 2003, dismissed the Stohlmanns' appeal for lack of appellate jurisdiction, reasoning that the trial court failed to certify that there was no just cause for delay in its order issuing summary judgment to Lyndhurst, Uzell, and the Halls and the Stohlmanns' voluntary dismissal of all claims against all
defendants rendered the trial court's order a nullity. Stohlmannv. Koski-Hall, Cuyahoga App. No. 82660, 2003-Ohio-7068, ¶ 9-11.
 {¶ 4} Thereafter, in January 2004, the Stohlmanns moved the trial court to amend its order granting summary judgment to Lyndhurst, Uzell, and the Halls to include the language "there is no just cause for delay." In February 2004, the trial court granted the Stohlmanns' motion and amended its summary judgment order with the requested language. The Stohlmanns, believing they now have a final appealable order, appeal the trial court's decision granting summary judgment to Lyndhurst, Uzell, and the Halls. However, this court does not have appellate jurisdiction to hear the Stohlmanns' appeal.
 {¶ 5} "A dismissal without prejudice leaves the parties as if no action had been brought at all." De Ville Photography, Inc.v. Bowers (1959), 169 Ohio St. 267, 272, 159 N.E.2d 443. As this court held in Menti v. Joy (Oct. 20, 1994), Cuyahoga App. No. 65706, "a trial court lacks jurisdiction to take further action after having unconditionally dismissed an entire case." Here, the Stohlmanns voluntarily dismissed, without prejudice, their entire case in February 2003. At that time, the case was completely terminated and there was no case or controversy pending in the trial court. Just like in Menti, "[a]ll orders entered by the trial court following its dismissal of the entire case," including both the original order granting summary judgment to Lyndhurst, Uzell, and the Halls and the subsequent order purporting to make this "no just cause for delay" amendment to the date of the summary judgment "in the non-existent case, are nullities." Thus, by virtue of the voluntary dismissal of the entire case, this court lacks appellate jurisdiction to hear the Stohlmanns' appeal.
Appeal is dismissed for lack of appellate jurisdiction.
This appeal is dismissed.
It is, therefore, ordered that appellees recover from appellants their costs herein taxed.
It is ordered that a special mandate be sent to the Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Rocco, J., Concur.