OPINION
{¶ 1} Velma and Drake Jackson appeal from a judgment of the Montgomery County Court of Common Pleas, which granted the motion of Allstate Insurance Company ("Allstate") for summary judgment on res judicata grounds.
 {¶ 2} We glean the following facts from the record:
 {¶ 3} On August 2, 1999, the Drakes purchased a 1999 Jaguar XJ8L from Williams Ford Sales, Inc., in Cincinnati, Ohio, for $62,504.52. On November 18, 1999, approximately three months later, Velma Jackson was involved in an automobile accident with a vehicle driven by Vendrell Spargur. At the time of the accident, the Jaguar had been driven approximately 5,000 miles. Spargur was insured by Cincinnati Insurance Company ("Cincinnati"); the Jacksons were insured by Allstate.
 {¶ 4} On November 16, 2001, the Jacksons initiated litigation against Allstate and Spargur in the Montgomery County Court of Common Pleas (Case No. 2001-CV-6477). The Jacksons alleged that the insurer had breached the terms of their insurance policy by failing to replace the Jaguar and by failing to pay benefits under the Lease/Loan Gap Coverage, i.e., to pay the difference between the amount that they owed on their car loan and the vehicle's actual cash value after its repair. Velma Jackson also alleged that Spargur was liable for the damage to the Jaguar and for the personal injuries that she suffered as a result of the accident. Drake Jackson brought a claim for loss of consortium. Allstate subsequently filed a motion for summary judgment. The Jacksons failed to respond to the motion by June 7, 2002, the date to which the parties had apparently agreed as the Jacksons' deadline for filing a responsive memorandum. On June 28, 2002, the court granted Allstate's unopposed motion. The Jacksons filed a motion for reconsideration, which the court overruled. On September 27, 2002, the Jacksons voluntarily dismissed their claims against Allstate, without prejudice, pursuant to Civ.R. 41(A)(1)(a). The litigation remained pending, however, because claims still existed against Spargur. On February 18, 2003, after reaching a settlement with Spargur, the Jacksons dismissed their remaining claims with prejudice.
 {¶ 5} On September 26, 2003, the Jacksons again filed suit against Allstate, alleging the same facts and circumstances as in their prior litigation and raising the same and additional claims (Case No. 2003-CV-7002). On January 27, 2004, Allstate filed a combined motion for summary judgment and for sanctions, pursuant to Civ.R. 11 and R.C. 2323.51. Allstate argued that the Jacksons were precluded by res judicata from asserting any of the claims in their complaint.
 {¶ 6} The trial court granted Allstate's motion for summary judgment. The court first concluded that the June 2002 decision met the requirements of R.C. 2505.02 for finality. It noted that neither that decision nor the August 2002 denial of the motion for reconsideration constituted a final appealable order when they were rendered due to the lack of a Civ.R. 54(B) determination that "there is no just reason for delay." The court found, however, that the Jacksons' subsequent dismissal of their claims against Spargur "morphed" the interlocutory nature of the June 2002 summary judgment decision into a final judgment. The court indicated that it was applying the binding precedent ofDenham v. City of New Carlisle (1999), 86 Ohio St.3d 594,1999-Ohio-128, 716 N.E.2d 184, which held that an interlocutory decision granting summary judgment to a defendant became final after the plaintiff voluntarily dismissed the remaining parties to the suit, pursuant to Civ.R. 41(A)(1).
 {¶ 7} In addition, the court rejected the Jacksons' argument that the summary judgment decision was moot because they had voluntarily dismissed their claims against Allstate prior to the dismissal of their claims against Spargur. The court noted that the dismissal was filed after the motion for reconsideration decision had been journalized, thus rendering the notice untimely. The court stated: "[w]hile this Court has interpreted the applicable, amended version of Civ. R. 41(A) to generally allow a plaintiff to voluntarily dismiss a single defendant in a multi-defendant case, in the 01-6477 case, the Plaintiffs' Vol.Dismiss. Notice [Notice of Plaintiffs of Voluntary Dismissal] was ineffective because it was untimely and otherwise in contravention of Civ. R. 54(B)." The court offered three reasons why the lack of the Civ.R. 54(B) certification "does not leave the otherwise final judgment subject to Civ. R. 41(A) voluntary dismissal without prejudice": (1) Civ.R. 54(B) provides that the interlocutory judgment may be revised, not dismissed, and only a court has the power to revise its prior judgment; (2) Civ.R. 41(A)(1) should be interpreted only to allow a plaintiff to file a notice of dismissal in a timely manner and "so that the unilateral authority does not encroach upon the sole authority of a court to enter judgments or other orders upon the journal;" and (3) the potential for piecemeal trials and piecemeal appeals demonstrates that the Jacksons' argument is not consistent with the intent and purpose of the case law and the Civil Rules. The court thus held:
 {¶ 8} "[T]he Vol. Dismiss. Notice in the 01-6477 case was ineffective because this Court had already rendered two judgments on the merits of Plaintiffs' claims against Defendant Allstate before the Vol. Dismiss. Notice was filed. Furthermore, this Court does hold that the June 2002 MSJ Dec. [motion for summary judgment decision] and the Aug. 2002 Recon. Dec.
[reconsideration decision] were initially interlocutory judgments because, while the finality qualifications were met pursuant to the definition in R.C. § 2505.02(B), the add. finality qual. [additional qualification for the finality of a judgment] of Civ. R. 54(B), which was initially applicable, was not met. Accordingly, those decisions were subject to revision, but this Court rejects the argument that those decisions were subject to dissolve [sic] when the Plaintiffs attempted to unilaterally dismiss through an improper, untimely use of Civ. R. 41(A). This Court also holds that when the Plaintiffs settled with Defendant Spargur, the remaining defendant in the 01-6477 case, the fact that the Plaintiffs had raised multiple claims against multiple defendants changed. That change of facts made Civ. R. 54(B) inapplicable. Defendant Allstate was the only defendant remaining, albeit because the summary judgment in its favor was interlocutory, after the Plaintiffs filed the Settled Dismissal
with prejudice. The interlocutory summary judgment thereby `vested' into a final judgment, as all the applicable finality qualifications were then satisfied. Therefore, this Court holds that the June 2002 MSJ Dec. and the Aug. 2002 Recon. Dec. are final judgments as of February 18, 2003, which is the date the finality `vested.'"
 {¶ 9} According to the trial court, because the summary judgment and reconsideration decisions had become final on February 18, 2003, they were appealable to the court of appeals at that time.
 {¶ 10} The trial court next turned to whether the Jacksons' present lawsuit was precluded by the doctrine of res judicata. Comparing the complaints in the two lawsuits, the trial court found that the two claims against Allstate in 2001-CV-6477 were substantially similar to the first two claims in the complaint in 2003-CV-7002. Thus, those claims were precluded by res judicata. As for the additional estoppel and fraud claims in 2003-CV-7002, the court found that res judicata likewise applied, because the claims dealt with a substantially similar subject matter and could have been raised in the prior litigation. Thus, the court concluded that summary judgment in favor of Allstate was appropriate.
 {¶ 11} In their sole assignment of error, the Jacksons claim that the trial court erred in granting summary judgment to Allstate.
 {¶ 12} On appeal, the Jacksons contend that the trial court erred in concluding that their claims were barred by res judicata. They assert that they had dismissed their claims against Allstate before a final appealable order had been entered. Moreover, they assert that the trial court did not, in fact, render a decision on the merits in granting summary judgment. The Jacksons emphasize that the June 28, 2002, decision was interlocutory and, pursuant to Civ.R. 54(B), it was "subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties." They claim that, consequently, their first litigation against Allstate must be treated as though it had never been commenced. The Jacksons further argue that a voluntary dismissal without prejudice is not an adjudication on the merits, and, therefore it cannot bar a second action under the doctrines of collateral estoppel and res judicata.
 {¶ 13} Tracking its arguments before the trial court, Allstate responds that the decision granting its motion for summary judgment and the decision overruling the motion for reconsideration are final orders, despite the absence of a Civ.R. 54(B) certification. Allstate further states that the orders became final appealable orders when the claims against Spargur were dismissed, and the Jacksons did not timely appeal the judgment against them. In addition, Allstate asserts that the purpose behind summary judgment is to end litigation where no genuine issues of material fact exist, and that to permit voluntary dismissal after a grant of summary judgment is contrary to the purpose and intent of Civ.R. 56(C). Finally, Allstate claims that the Jacksons' second litigation is barred by the prior summary judgment decision.
 {¶ 14} We begin with a discussion of the nature of the orders granting Allstate's motion for summary judgment and overruling the Jacksons' motion to reconsider. The Jacksons assert that the summary judgment decision was not a decision on the merits. Although the trial court did not consider the Jacksons' evidence when ruling upon Allstate's motion for summary judgment, the court addressed whether they could prevail on their claims for breach of the insurance contract and bad faith. The fact that the Jacksons' evidence was not considered perhaps caused the court to have an incomplete picture of the relevant facts. Regardless, it is clear that, upon consideration of Allstate's evidence and arguments, the court ruled in Allstate's favor on the merits of the Jacksons' claims.
 {¶ 15} As recognized by the trial court, R.C. 2505.02 defines which orders are final. R.C. 2505.02(B)(1) provides that an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." The order granting summary judgment to Allstate on all of the Jacksons' claims against it satisfies this statutory standard. By precluding recovery by the Jacksons, the order affected the parties' substantive rights, determined the action between the Jacksons and Allstate, and prevented a judgment for the Jacksons against the company. Accordingly, the summary judgment decision was a final order, within the meaning of R.C. 2505.02.
 {¶ 16} Had Allstate been the only defendant, it is clear that the trial court's grant of summary judgment would have been a final appealable order. However, the fact that an additional defendant (i.e., Spargur) remained in the litigation complicates matters. As stated in Denham, supra, when multiple parties are involved, R.C. 2505.02 must be read in conjunction with Civ.R. 54(B), which provides:
 {¶ 17} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, an order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 18} The supreme court has indicated that in deciding whether to provide Civ.R. 54(B) certification, "the trial judge makes what is essentially a factual determination — whether an interlocutory appeal is consistent with the interest of sound judicial administration, i.e., whether it leads to judicial economy." Wisintainer v. Elcen Power Strut Co. (1993),67 Ohio St.3d 352, 354, 617 N.E.2d 1136 (emphasis in original). Addressing whether the court of appeals properly dismissed an appeal of a summary judgment ruling where the trial court had found "no just reason for delay," the Supreme Court of Ohio noted that Civ.R. 54(B) does not transform a non-final order into a final appealable order; rather, it converts an otherwise final order into a final appealable order. Id. The court has emphasized, however, that "[a]n order of a court is final and appealable only if it meets the requirements of both Civ.R. 54(B) and R.C. 2505.02." Denham, 86 Ohio St.3d at 596 (emphasis added), citing Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 88, 541 N.E.2d 64. Thus, where a summary judgment order meets the requirements of R.C. 2505.02 but does not satisfy Civ.R. 54(B), the order is a non-appealable interlocutory order which does "not terminate the action as to any of the claims or the parties." See id.
 {¶ 19} In the present case, although the trial court's grant of summary judgment to Allstate met the statutory requirements of R.C. 2505.02, there was no finding of "no just reason for delay." Civ.R. 54(B) therefore precluded it from becoming a final appealable order. In other words, due to Civ.R. 54(B), the orders granting summary judgment and denying reconsideration remained interlocutory.
 {¶ 20} Civ. R. 41(A)(1) permits a plaintiff to dismiss voluntarily all claims asserted against a defendant, without an order of the court, by either:
 {¶ 21} "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;
 {¶ 22} "(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.
 {¶ 23} "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court."
 {¶ 24} It is well-established that, ordinarily, when a plaintiff dismisses an action without prejudice, pursuant to Civ.R. 41(A), the parties are left as if no action had been brought. Denham, 86 Ohio St.3d at 596; Lovins v. Kroger Co.,150 Ohio App.3d 656, 658, 2002-Ohio-6526, 782 N.E.2d 1171. InGiambrone v. Spalding and Evenflo Co., Inc. (Apr. 18, 1997), Miami App. No. 96CA08, we concluded that a plaintiff was permitted under Civ.R. 41 to voluntarily dismiss his action after summary judgment had been granted for the sole defendant but prior to the issuance of a final judgment entry. We observed that "if a party is granted a voluntary dismissal, the action is treated as if it had never been commenced. Hence, the dismissed action cannot serve to bar a later action on the grounds of res judicata, collateral estoppel, or law of the [case]."Giambrone, supra.
 {¶ 25} In Denham, the supreme court made clear that a plaintiff may voluntarily dismiss parties to an action, and that "a voluntary dismissal pursuant to Civ.R. 41(A) renders the parties as if no suit had even been filed against only the dismissed parties." 86 Ohio St.3d at 597; see also 2001 Staff Notes to Civ.R. 41(A)(1). The supreme court further held that when the trial court has granted summary judgment in favor of one defendant without including a Civ. R. 54(B) certification and the plaintiff subsequently dismisses the remaining parties to the action, the summary judgment ruling becomes a final, appealable order. Id.
 {¶ 26} We recently recognized that "[a]fter Denham, lower courts have rejected appeals from interlocutory decisions where the plaintiff has dismissed the claims against all defendants. This is based on the theory that dismissal of all plaintiff's claims under Civ. R. 41(A) `renders the parties as if no suit had ever been filed.'" McKay v. Promex Midwest Corp., Montgomery App. No. 20112, 2004-Ohio-3576, citing Denham,86 Ohio St.3d at 597. For example, in Harper v. Metrohealth Med. Ctr., Cuyahoga App. No. 81048, 2002-Ohio-5861, the plaintiff brought suit against ten different doctors or medical facilities, alleging medical malpractice. Four physicians filed a motion for summary judgment after the plaintiff had failed to file an expert report by the deadline for doing so. The plaintiff responded by voluntarily dismissing her claims against three of the physicians but inadvertently left one doctor as a party to the lawsuit. The trial court subsequently granted summary judgment in that doctor's favor. After the court denied the plaintiff's motion for relief from judgment, she voluntarily dismissed the entire action without prejudice. The plaintiff then tried to appeal the summary judgment ruling.
 {¶ 27} The Eighth District dismissed the appeal for want of a final order. It held that, due to Civ.R. 54(B), the summary judgment ruling was interlocutory and, therefore, her motion for relief from judgment was invalid. The court of appeals further concluded that the summary judgment decision was a nullity, stating: "Because Harper chose to dismiss the `action' as opposed to the remaining defendants, she dismissed the interlocutory summary judgment as well. This means that summary judgment which is the object of this appeal is not final." Id. at ¶ 11; see alsoStohlman v. Koski-Hall, Cuyahoga App. No. 82660, 2003-Ohio-7068 (same).
 {¶ 28} The Sixth, Ninth, and Tenth Districts have likewise held that the voluntary dismissal of all defendants renders a prior interlocutory summary judgment ruling a nullity. SeeToledo Heart Surgeons v. The Toledo Heart Hospital, Lucas App. No. L-02-1059, 2002-Ohio-3577; Ohio Farmers Ins. Co. v. ModineMfg. (Sept. 5, 2001), Medina App. Nos. 3114-M, 3116-M; State exrel. Mogavero v. Belskis, Franklin App. No. 02AP-164, 2002-Ohio-6497. As stated by the Sixth District: "We hold that an order which grants a motion for summary judgment or a dismissal for failure to state a claim upon which relief can be granted to a party while claims against other parties are pending, and which does not contain Civ. R. 54(B) language that there is no just reason for delay, is not appealable when the entire action is later dismissed without prejudice to Civ. R. 41(A). Rather, such order is dissolved and has no res judicata effect." ToledoHeart Surgeons, supra, at ¶ 35.
 {¶ 29} We see no meaningful difference between the procedural posture presented herein and the dismissals in Harper. Although Allstate was dismissed prior to Spargur rather than at the same time as Spargur, there were no remaining parties after Spargur's dismissal. In other words, Allstate, the party for whom summary judgment was granted, was never the sole remaining defendant in the litigation.
 {¶ 30} In this regard, the case sub judice (as well asHarper) is distinguishable from Denham. (Allstate also relies upon Boop v. Dunlap Family Physicians (June 12, 2000), Stark App. No. 1999CA336. Boop is procedurally similar to Denham
and, thus, also distinguishable.) In Denham, the party for whom summary judgment was granted was the sole remaining defendantafter the plaintiff had dismissed the other defendants. Thus, that party — and the summary judgment order at issue — remained in the litigation after the voluntary dismissals. In contrast, Allstate was dismissed prior to the dismissal of Spargur. Thus, at the time of Spargur's dismissal, the lawsuit between the Jacksons and Allstate — as well as the summary judgment ruling — had already become a nullity.
 {¶ 31} Herein, the trial court's summary judgment order never satisfied the requirements of both R.C. 2505.02 and Civ.R. 54(B). Because Civ.R. 54(B) expressly provides that a judgment lacking the required certification "shall not terminate the action as to any of the claims or the parties," the Jacksons' right to voluntarily dismiss their claims against Allstate at any time prior to the commencement of trial, pursuant to Civ.R. 41(A)(1), was preserved, notwithstanding the fact that a partial summary judgment was rendered in the interim as to their claims against Allstate. Accordingly, the trial court's interlocutory summary judgment order in favor of Allstate was properly dismissed by the Jacksons, pursuant to Civ.R. 41(A), and it was rendered a nullity. The subsequent dismissal of Spargur did not revive the Jacksons' dismissed claims against Allstate. Accordingly, the order granting summary judgment to Allstate had no res judicata effect on the subsequent litigation.
 {¶ 32} Allstate asserts that permitting the Jacksons to dismiss their claims after an adverse summary judgment ruling would contravene the public policies set forth in the Rules of Civil Procedure, particularly Civ.R. 54. We agree with Allstate and the trial court that to permit the Jacksons — or any plaintiff — to dismiss an action after it has received an adverse ruling on the merits violates a sense of fair play. However, we have likewise recognized that Civ.R. 41 grants broad authority to the plaintiff to dismiss an action without prejudice at any point prior to the commencement of trial. In Standard Oil Co. v.Grice (1975), 46 Ohio App.2d 97, 75 O.O.2d 81, 345 N.E.2d 458, the trial court had struck a counterclaimant's voluntary dismissal of its counterclaim after the court issued an adverse opinion on the merits of the claim but prior to the opinion being journalized. On appeal, the plaintiff argued that a party could not avoid the impending res judicata effect of an adverse ruling by voluntarily dismissing the claim before a decision of the court is journalized. The plaintiff also argued that the submission of a motion for summary judgment should be considered the same as the commencement of trial, thus precluding a voluntary dismissal by the party under Civ.R. 41(A). We reversed, stating:
 {¶ 33} "The language of Civil Rule 41(A)(1) and (C) requires no construction. It gives either party an absolute right, regardless of motives, to voluntarily terminate its cause of action at any time prior to the actual commencement of the trial. There is no exception in the rule for any possible circumstance that would justify a court in refusing to permit the withdrawal of a cause prior to the commencement of trial. This is the traditional Ohio policy of encouraging voluntary terminations. While such rule may be subject to abuse, as was recognized by the civil rules committee, the only limitation imposed is that a notice of dismissal operates as an adjudication upon the merits when filed by a party who once previously dismissed an action based on the same claim." Id. at 100-101; see also Lovins,
supra; State ex rel. Mogavero v. Belskis, Franklin App. No. 02AP-164, 2002-Ohio-6497, ¶ 35 ("Under Civ.R. 41(A)(1)(a), a plaintiff has an absolute right, regardless of motive, to voluntarily and unilaterally terminate his or her cause of action without prejudice at any time prior to the commencement of trial."). Thus, although we sympathize with Allstate, the Jacksons' dismissal of the adverse, interlocutory summary judgment ruling was permitted by Civ. R. 41. Compare Civ.R. 41(A)(1)(a) with Fed.R.Civ.P. 41(a)(1), which permits unilateral voluntary dismissals until the earlier of the filing of an answer or a motion for summary judgment. In light of the potential for abuse, the Rules Advisory Committee of the Supreme Court of Ohio may wish to reconsider the wisdom of allowing voluntarily dismissals, without prejudice, at this late stage of a litigation. See Lovins, supra, at n. 7 (commenting that, "[a]lthough other Ohio courts also have held that a party may file a Civ.R. 41(A)(1)(a) notice of voluntary dismissal after a trial court announces a decision on the merits but before the filing of a judgment entry, we note that this view appears to be a minority position nationally.").
 {¶ 34} The assignment of error is sustained.
 {¶ 35} The judgment of the trial court will be reversed and remanded for further proceedings.
Grady, J. and Young, J., concur.