JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Russell Witt ("Witt") and Brenda Witt, appeal the decision of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of defendants-appellees, Saybrook Investment Corporation ("Saybrook"), International Paper Company ("IPC"), and Logistics Partners, Inc ("Logistics"). For the reasons stated below, we dismiss this appeal for a lack of a final appealable order.
 {¶ 2} Appellants brought this action on April 2, 2003, alleging that Russell Witt was walking across a parking lot on January 22, 2003 and was struck and injured by a vehicle driven by Glenn A. Lamson. Lamson was named as a defendant in the original complaint. The claims against him were settled and dismissed on September 27, 2004.
 {¶ 3} Witt raised a negligence claim against Saybrook, IPC and Logistics. As set forth in the second amended complaint, Witt claimed appellees were negligent in the design, construction, maintenance, management, and/or supervision of the parking lot area. There was a also a loss of consortium claim raised by Brenda Witt.
 {¶ 4} Each of the appellees filed a motion for summary judgment. IPC also filed a motion in limine seeking to exclude the expert testimony and report of Eric Pempus. The trial court issued a written order on November 9, 2005, granting all of the appellees' motions for summary judgment and IPC's motion in limine. The order was faxed to all parties on November 9, 2005; however, the order had not yet been journalized by the trial court.
 {¶ 5} On November 10, 2005, appellants filed a notice of voluntary dismissal without prejudice at 11:50 A.M. The order of the trial court granting summary judgment in favor of the appellees was journalized the same day but was not time-stamped. The notice of voluntary dismissal was entered first on the docket.
 {¶ 6} Before we can reach the merits of this appeal, we must first address the issue of whether the trial court has issued a final appealable order. In the absence of a final appealable order, this court does not possess jurisdiction to review the matter and must dismiss the appeal. Dutch Maid Logistics, Inc.v. Acuity, Cuyahoga App. No. 86600, 2006-Ohio-1077.
 {¶ 7} In this action, appellants filed a notice of voluntary dismissal on the same day that the trial court journalized its adverse summary judgment ruling. The record reflects that the dismissal was docketed before the journalization of the trial court's order.
 {¶ 8} Civ.R.41(A) gives a party an absolute right, regardless of motives, to voluntarily terminate its cause of action at any time prior to the actual commencement of the trial. Jackson v.Allstate Ins. Co., Montgomery App. No. 20443, 2004-Ohio-5775;Wetz-Hildebrant v. Lebanon City Bd. of Edu. (Sep. 27, 1993), Warren App. No. CA93-02-015. A voluntary dismissal is self-executing upon its filing. Blankenship v. CRT Tree,
Cuyahoga App. No. 80907, 2002-Ohio-5354. Moreover, once an action is voluntarily dismissed under Civ.R. 41(A)(1)(a), the case is over and the court does not have jurisdiction to make any further order. Wetz-Hildebrant, supra. Accordingly, appellants had the right to dismiss their action before the summary judgment ruling was journalized.
 {¶ 9} We recognize Saybrook's argument that the docket had some discrepancies as to the order in which other filings were made in this case. However, in each instance referred to, the compared filings were both time-stamped. There is no evidence to suggest that the sequence in which the notice of dismissal and summary judgment ruling appear on the docket is incorrect. As a result, from the record before us, we conclude that the voluntary dismissal preceded the journalization of the court's ruling. SeeSchausel v. Stevens, Jackson App. No. 05CA10, 2006-Ohio-2482
(applying docket number to determine sequence of filing).
 {¶ 10} We addressed a similar issue in Blankenship, supra. In that case, a notice of voluntary dismissal was filed on the same day that a ruling on dispositive motions was journalized. Id. The record reflected the time of the filing of the dismissal but not the time of the journalization of the ruling on the dispositive motions. Id. Under such a situation, we concluded that "it is presumed that the time-stamped voluntary dismissal was filed prior to the journalization of [the ruling on] the dispositive motion(s)." Id. This holding applies to the instant matter.
 {¶ 11} We also recognize IPC's argument that appellants should not be permitted to race to the courthouse and file a notice of voluntary dismissal after the trial court has already issued its ruling and sent it to appellants. Nonetheless, Civ.R. 41 does allow a party to avert an adverse judgment before trial has commenced. Wetz-Hildebrant, supra. Further, Ohio courts have held that a party may file a Civ.R. 41(A)(1)(a) notice of voluntary dismissal after the trial court has announced a decision on the merits but before the judgment entry is journalized. Wetz-Hildebrant, supra; Jackson v. Allstate Ins.Co., Montgomery App. No. 20443, 2004-Ohio-5775.[1]
 {¶ 12} We agree that appellants' actions in this matter violate a sense of fair play. Unfortunately, Civ.R. 41, as written, is open to unfair and abusive use. See Fairchilds v.Miami Valley Hosp., Inc., 109 Ohio St.3d 1229, 2006-Ohio-3055, Stratton, J., dissenting. We agree with the court in Jackson,
supra, that the Rules Advisory Committee of the Ohio Supreme Court may wish to reconsider the wisdom of allowing voluntary dismissals, without prejudice, after the filing of a motion for summary judgment and at such a late state of litigation.[2]
Appeal dismissed.
It is ordered that appellees recover of appellants costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., Concurs; Corrigan, J., Concurs in JudgmentOnly.
[1] This view does appear to be a minority position nationally. Id.
[2] Compare Civ.R. 41(A)(1)(a) with Fed.R.Civ.P. 41(a)(1), which permits unilateral voluntary dismissals until the earlier of the filing of an answer or a motion for summary judgment.