[Cite as *In re Carothers*, 2011-Ohio-6754.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96369**

## IN RE:   SANCTIONS DEBORAH CAROTHERS

APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-719533

**BEFORE:**   Stewart, J., Blackmon, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:**   December 29, 2011

**ATTORNEY FOR APPELLANT**

John C. Greiner
Graydon Head & Ritchey LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH    45202-3157


**ATTORNEYS FOR APPELLEES**

David Kane Smith
Kathryn I. Perrico
Paul J. Deegan
Britton Smith Peters & Kalail Co., L.P.A.
3 Summit Park Drive, Suite 400
Cleveland, OH    44131

MELODY J. STEWART, J.:

{¶ 1}    Appellant Deborah Carothers, counsel for relator, Renee Engelhart, in the case *State ex rel. Engelhart v. Brecksville-Broadview Hts. City School Bd. of Edn.* (Jan. 31, 2011), Cuyahoga C.P. No. 10-CV-719533, appeals from the trial court's award of sanctions in favor of appellee Brecksville-Broadview Heights City School District Board of Education ("BOE"), and also its finding that she filed a notice of dismissal of the underlying action in an attempt to prejudice the BOE and perpetrate a fraud upon the court.  Carothers argues that her conduct was neither frivolous nor sanctionable since Civ.R. 41(A) expressly authorizes voluntary termination of a cause of action at any time prior to commencement of trial.  Carothers requests that this court reverse the award of

sanctions and also strike from the trial court's journalized entry its determination that she attempted to deceive the court.

{¶ 2} Counsel for the BOE and Carothers were tasked by a pretrial schedule to hand- deliver trial briefs to the trial court on January 12, 2011. On the morning of January 12, counsel for the BOE contacted the court and requested permission to fax the trial brief due to inclement weather, and informed Carothers of the request by voicemail. Carothers, after listening to the message, also called the court and requested a one day extension because she did not have a fax machine and did not want to venture out due to hazardous road conditions. She then sent the BOE an email summarizing her request of the court. The court notified both parties that the deadline had been extended to noon on January 13, 2011.

{¶ 3} On the afternoon of January 12, 2011, the trial court granted the BOE's pending motion for summary judgment and recorded the decision on its electronic docket at 2:25 p.m. Carothers, after noting this electronic entry, filed a notice to dismiss the cause of action without prejudice. She proceeded to the clerk of court's office and filed the notice at 3:48 p.m. The trial court's actual prepared journal entry granting the BOE's summary judgment for the BOE indicates receipt by the clerk's office at 4:05 p.m.

{¶ 4} The next day, the BOE filed a motion to strike and a motion to deem moot and untimely relator's notice of dismissal, and a motion to show cause. On January 25, 2011, the trial court granted these motions and indicated by journal entry that the BOE's grant of summary judgment, as opposed to the voluntary dismissal, stood as the final

judgment in the case. The court's journal entry additionally contained a detailed recitation of facts justifying its ruling. Specifically, the court stated that the granting of its motion for summary judgment was effectively filed before Carothers's notice of dismissal. The court's entry also chastised Carothers for disobeying its standing orders for case management, for her representations to the court concerning an inability to travel in severe weather to timely file her trial brief, and for her alleged attempt to circumvent the court's ruling on the summary judgment motion. The trial court set a hearing for January 31, 2011 on the motion to show cause why relator and Carothers should not be held in contempt.

{¶ 5} Prior to the show cause hearing, Carothers, and her newly retained counsel, filed motions for continuances. Carothers also filed a motion to reconsider instanter jurisdiction. All motions were denied. Carothers orally requested a continuance on the day of the hearing because her counsel was unable to appear. She again orally contested the court's jurisdiction in the matter. In reply, the court ruled that Carothers had been given adequate time to prepare for the hearing since she was given six days notice that her previous motion for continuance had been denied. With this, the hearing proceeded.

{¶ 6} Carothers cross-examined Kathryn Perrico, counsel for the BOE, and opposing counsel objected when Carothers cited a case in an attempt to demonstrate that Perrico was mistaken in her interpretation of state law concerning voluntary dismissals. The court demanded that Carothers provide all subsequent history cites, and when she

could not, the court sustained the objection, since she could not unequivocally prove that the case cited was "good law."

{¶ 7} Perrico testified that she expended five hours of research and preparation to compose an affidavit and motion to address the alleged sanctionable conduct, and that her billing rate was $240 per hour. The court granted the BOE's motion for sanctions in the amount of $1,200 and ordered Carothers to pay on or before noon on February 7, 2011. The court informed Carothers that her conduct would be referred to disciplinary counsel, but did not hold her in contempt.

{¶ 8} The trial court's subsequent journal entry states, in pertinent part: "the court finds from the statements and evidence that Ms. Caruthers [sic] was aware of the court[']s ruling in favor of respondents before she filed *** and did so in an attempt to prejudice the respondents and perpetrate a fraud upon the court." In a later journal entry dated February 4, 2011, the court indicated that John Greiner, then counsel for Carothers, had by email inappropriately contacted the Cuyahoga County's Prosecutor's Office to obtain advice and was attempting to improperly influence the court. The court referred the matter to Ohio's disciplinary counsel and recused herself from further proceedings.

{¶ 9} In Carothers's sole assignment of error, she argues that the trial court erred in granting sanctions against her and finding that she attempted to perpetrate a fraud on the court because she had an absolute right to dismiss the case, pursuant to Civ.R. 41(A), at any point prior to trial. She points to the fact that a judgment is legally effective only after being entered upon the journal by the clerk of courts, and that the trial court's

electronic docket is not analogous to the journal. Carothers also contends that the trial court lacked jurisdiction to strike the notice of voluntary dismissal since her filing divested the court of the same.

{¶ 10} "Appellate review of a trial court's decision to impose sanctions pursuant to Civ.R. 11 and R.C. 2323.51, and upon whom to impose such sanction, is on an abuse of discretion standard." *Mitchell v. W. Res. Agency*, 8th Dist. No. 86708, 2006-Ohio-2475, ¶47. Appeals concerning sanction awards, pursuant to R.C. 2323.51, require the application of a mixed standard of review and entail inquiring into questions of both law and fact. *Wheeler v. Best Emp. Fed. Credit Union*, 8th Dist. No. 92159, 2009-Ohio-2139, ¶11. Although the trial court's determination of legal issues is given no deference, some deference is given to factual findings. Id.

{¶ 11} Submitting filings to a court for the purpose of causing a "needless increase in the cost of litigation [as well as assertions that are] *** not warranted under existing law" is conduct deemed frivolous. R.C. 2323.51. When an attorney knowingly signs a pleading, motion, or other document that lacks a sufficient foundation of support, Civ.R. 11 allows, upon motion of a party or the court, an award of expenses and reasonable attorney fees to an opposing party. *Moss v. Bush*, 105 Ohio St.3d 458, 2005-Ohio-2419, 828 N.E.2d 994. "While the ultimate decision whether to impose sanctions for frivolous conduct *** remains wholly within the trial court's discretion, the question of whether the conduct was frivolous may be subjected to an abuse of discretion or a de novo standard of

review." *Wheeler* at ¶42. We now turn to an analysis of Carothers's filing of the voluntary dismissal.

{¶ 12} Civ.R. 41(A)(1)(a) empowers a plaintiff to "[file] a notice of dismissal at any time before the commencement of trial ***." The voluntary dismissal of claims by a plaintiff, prior to the actual commencement of trial is "an absolute right, regardless of motives and can be accomplished without order of the court and without giving notice to opposing counsel." *Witt v. Lamson*, 8th Dist. No. 87349, 2006-Ohio-3963, ¶8; *Rini v. Rini*, 8th Dist. No. 80225, 2002-Ohio-6480, ¶11. "Filing of the notice of dismissal automatically terminates the case without intervention by the court. No court approval is necessary." *Payton v. Rehberg* (1997),119 Ohio App.3d 183, 191, 694 N.E.2d 1379.

{¶ 13} In *Standard Oil Co. v. Grice* (1975), 46 Ohio App.2d 97, 345 N.E.2d 458, a plaintiff voluntarily dismissed its claim before trial, pursuant to Civ.R. 41(A), after the court rendered an adverse ruling but before the decision was journalized. In response, the trial court entered an order striking the voluntary dismissal and also entered its decision for the opposing party into the record. The reviewing court, as an initial matter, found that the filing was timely since it preceded the trial court's judgment entry and trial had not commenced. The appellate court then set aside the subsequent orders of the trial court and reinstated the voluntary dismissal, reasoning that once dismissal had been effectively accomplished pursuant to Civ.R. 41(A)(1) and (C), there was "no longer anything before the [trial] court ***." Id. at 101.

{¶ 14} The *Standard Oil* case seems to make clear that appellant's reason for filing the voluntary dismissal is irrelevant. Her motives cannot be questioned or sanctioned if she complied with the Civil Rules. The BOE argues that there are several reasons why the trial court properly sanctioned appellant and determined that her conduct was frivolous and fraudulent. However, the BOE's arguments hinge on what action takes precedence over the other: the voluntary dismissal or the grant of summary judgment.

{¶ 15} Steadfastly believing that filing the voluntary dismissal terminated the proceedings in the underlying case, the appellant, on behalf of her client, filed a petition for writs of prohibition and mandamus in this court against the trial court judge, *State ex rel. Engelhart v. Russo,* 8th Dist. No. 96387, 2011-Ohio-2410, in an effort to prevent the trial court judge from proceeding with the underlying case. This petition was denied. The panel deciding the case found, among other things, that the time the trial court electronically signed and transmitted the order granting summary judgment to the clerk constituted the time of filing, and therefore it was clear that "the order granting summary judgment was journalized prior to the filing of the notice of voluntary dismissal." Id. at ¶39; but, see, *Shesler v. Consol. Rail Corp.*, 8th Dist. No. 83656, 2004-Ohio-3110, ¶18 (the entry of a trial court's judgment into an electronic docket does not equate to journalization of the decision); see, also, *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 1997-Ohio-340, 686 N.E.2d 267. This case is currently on appeal in the Supreme Court of Ohio. See *State ex rel. Engelhart v. Russo*, Supreme Court Case No. 2011-0903.

{¶ 16} Civ.R. 58(A) states in pertinent part that "[a] judgment is effective only when entered by the clerk upon the journal." "Journalization of a judgment entry requires that: (1) the judgment is reduced to writing; (2) signed by a judge; and (3) filed with the clerk so that it may become a part of the permanent record of the court." *State v. Ellington* (1987), 36 Ohio App.3d 76, 78, 521 N.E.2d 504. Cuyahoga County Court of Common Pleas Loc.R. 19.1 provides, in pertinent part, that: "(B) Electronic transmission of a document with an electronic signature by a Judge or Magistrate that is sent in compliance with procedures adopted by the Court shall, upon the complete receipt of the same by the Clerk of Courts, constitute filing of the document for all purposes of the Ohio Civil Rules, Ohio Criminal Rules, Rules of Superintendence, and the Local Rules of this Court."[1] According to the court's local rule, until an entry is received — "complete receipt," it cannot be filed. Filing is the third prong necessary for journalization.

{¶ 17} The determination of which document was filed first, the voluntary dismissal or the grant of summary judgment, is one we need not make here. The supreme court will soon decide the issue. Regardless of this determination, we find, however, that the trial court abused its discretion in finding that Carothers's conduct was frivolous and fraudulent, and in imposing sanctions against her. It is clear that Carothers's decision to voluntarily dismiss her client's case was done with the belief that

---

[1]In the appeal of the underlying case to the supreme court, the relator-appellant argues that this local rule is inconsistent with Civ.R. 58(A) and is, therefore, invalid.

she had an absolute right to do so, even though she was aware of the trial court's decision to grant the BOE's motion for summary judgment. It may turn out that Carothers was mistaken in her belief, but such a mistake does not rise to the level of frivolous or fraudulent conduct. See *Wheeler* at ¶43 (the exercise of a right of voluntary dismissal without prejudice cannot be construed as frivolous or fraudulent conduct). In *Witt*, supra, this court acknowledged the argument that "appellants should not be permitted to race to the courthouse and file a notice of voluntary dismissal after the trial court has already issued its ruling ***," however, Civ.R. 41 allows a party in receipt of an adverse ruling to do just that. *Witt* at ¶11. Carothers's sole assignment of error is sustained.

{¶ 18} This cause is reversed and remanded for proceedings consistent with this opinion.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, P.J., and
MARY J. BOYLE, J., CONCUR