FAIRCHILDS et al., Appellants,

v.

MIAMI VALLEY HOSPITAL, INC., Appellee, et al.

[Cite as *Fairchilds v. Miami Valley Hosp., Inc.*, 160 Ohio App.3d 363, 2005-Ohio-1712.]

Court of Appeals of Ohio,
Second District, Montgomery County.

Nos. 20493 and 20542.

Decided April 8, 2005.

---

6. See *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 192, 23 O.O.3d 210, 431 N.E.2d 644.

7. Id.

Dwight Brannon, Jose M. Lopez, and Christopher D. Clark, for appellants.

Neil F. Freund and Vaseem S. Hadi, for appellee.

FAIN, Judge.

{¶ 1} Plaintiffs-appellants, Timothy Fairchilds, Linda Wright, Bobbie Jo Fairchilds, Douglas Burton, and Whitney Burton, appeal in two cases, which we have consolidated in the interest of judicial economy. The issue in both appeals is whether, when a trial court has granted a motion for summary judgment with respect to fewer than all of the claims pending in the cause and has not certified that there is no just cause for delay pursuant to Civ.R. 54(B), and all of the claims, including the claims with which the interlocutory summary judgment decision is concerned, are subsequently voluntarily dismissed pursuant to Civ.R. 41(A), the trial court may thereafter render final judgment with respect to those claims that were the subject of the summary judgment decision. Based on *Jackson v. Allstate Ins. Co.*, Montgomery App. No. 20443, 2004-Ohio-5775, 2004 WL 2437109, which we approve and follow, we answer this question in the negative.

{¶ 2} The appellants appeal from an order of the trial court in case No. 2003-CV-0573, wherein the trial court sustained a request for a final judgment entry made by defendant-appellee, Miami Valley Hospital, Inc. ("MVH"), concluding that an interlocutory order granting MVH's motion for summary judgment became a final, appealable order when the appellants filed their notice of voluntary dismissal.

{¶ 3} The appellants contend that the trial court erred in concluding that it had subject-matter jurisdiction to rule on MVH's request for a final judgment entry after the appellants had voluntarily dismissed the entire case. The appellants contend that the trial court erred in concluding that the appellants' voluntary dismissal converted the interlocutory summary judgment decision into a final, appealable order, because the interlocutory summary judgment decision dissolved when the appellants voluntarily dismissed the entire case.

{¶ 4} We conclude that the trial court erred in concluding that the appellants' voluntary dismissal converted the interlocutory summary judgment decision into a final, appealable order, because the appellants' voluntary dismissal of all defendants in this case prevented the prior interlocutory summary judgment decision from becoming a final adjudication of the claims with which it was concerned. Therefore, the trial court erred in sustaining MVH's request for a final judgment entry.

{¶ 5} The appellants also contend that the trial court erred in granting MVH's motion for summary judgment on December 1, 2003. However, in October 2004, this court sustained MVH's motion to dismiss the appellants' direct appeal of the December 1, 2003 decision granting MVH's motion for summary judgment, because we concluded that the appellants' direct appeal, on April 30, 2004, of the December 1, 2003 summary judgment decision was not timely in accordance with App.R. 4(A). Therefore, we decline to address this assignment of error.

{¶ 6} The appellants also appeal from the decision of the trial court in case No. 2004–CV–01422, wherein the trial court granted MVH's motion for summary judgment, concluding that because the summary judgment decision in 2003–CV–0573 was determined to be a final, appealable order, the appellants' claims were barred by the doctrine of res judicata. The appellants contend that the trial court erred in granting MVH's motion for summary judgment, because there was no final, appealable order in 2003–CV–0573 to support the use of the doctrine of res judicata to bar the appellants' claims in 2004–CV–01422.

{¶ 7} Because the claim with which the trial court's interlocutory summary judgment decision in favor of MVH in 2003–CV–0573 was concerned was properly dismissed by the appellants, pursuant to Civ.R. 41(A), thereby preventing that interlocutory decision from becoming a final adjudication, the summary judgment decision has no res judicata effect on the subsequent litigation in 2004–CV–01422.[1] Therefore, we conclude that the trial court erred in granting MVH's motion for summary judgment in 2004–CV–01422.

{¶ 8} Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

I

{¶ 9} In July 2001, Bobbie Jo Fairchilds parked her car and began walking to the entrance of Miami Valley Hospital for an appointment. As she was crossing a street located on the property of Miami Valley Hospital, she was injured when struck by a vehicle driven by Angela Landis, who was leaving Miami Valley Hospital after completing a night shift as a nurse for the hospital. At the time of the accident, Bobbie Jo was in her third trimester of pregnancy. Bobbie Jo's unborn child, Whitney Burton, was delivered prematurely as a result of the collision. Bobbie Jo suffered severe injuries, allegedly causing her to become a permanent invalid. Whitney Burton resides with her father, Douglas Burton.

---

1. If the claims with which the prior, interlocutory summary judgment decision was concerned, or similar claims, are subsequently refiled, a court considering those claims may, of course, find the prior, interlocutory summary judgment decision to be persuasive authority with respect to the legal issues raised.

{¶ 10} In January 2003, Bobbie Jo's parents, Timothy Fairchilds and Linda Wright, as well as Bobbie Jo, Douglas Burton, and Whitney Burton (the appellants) filed a complaint against MVH and Angela Landis in case No. 2003–CV–0573. MVH filed a motion to dismiss, which was later converted into a motion for summary judgment. Landis also filed a motion for summary judgment. The trial court granted MVH's motion for summary judgment but did not enter a Civ.R. 54(B) certification that there was no just reason for delay. The trial court granted Landis's motion for summary judgment on all claims except the negligence claim, which Landis had excluded from her motion for summary judgment. The trial court did not enter a Civ.R. 54(B) certification that there was no just reason for delay with respect to this decision, either.

{¶ 11} On January 26, 2004, the appellants filed a notice of voluntary dismissal, notifying the trial court that they were "voluntarily dismissing this case without prejudice, and subject to refiling pursuant to Civ. R. 41(A) against all party Defendants, Angela Landis and Miami Valley Hospital, Inc." The appellants also filed a motion to reconsider or set aside the trial court's decision granting summary judgment in favor of MVH, as well as a motion for sanctions against MVH. Thereafter, MVH filed a request for a final judgment entry, requesting that the trial court issue a final judgment entry stating that the trial court's decision granting MVH's motion for summary judgment constituted a final, appealable order.

{¶ 12} The trial court raised, sua sponte, the issue of subject-matter jurisdiction and requested that the parties file supplemental briefs addressing the following issue: "Given that the Plaintiffs filed a *Notice of Voluntary Dismissal Without Prejudice* on January 26, 2004 regarding the case *sub judice,* does this Court have subject matter jurisdiction to rule on any or all of the motions that have been filed subsequent to the *Notice?*"

{¶ 13} After the parties filed supplemental briefs on this issue, the trial court concluded that it did not have subject-matter jurisdiction to address the motion to reconsider or set aside the summary judgment decision, because doing so would require the trial court to reconsider its decision regarding the merits of granting summary judgment. Accordingly, the trial court overruled the motion to reconsider or set aside the summary judgment decision.

{¶ 14} The trial court concluded that it did have subject-matter jurisdiction to address the motion for sanctions, because the trial court retained limited subject-matter jurisdiction to address this collateral issue. In a separate decision, the trial court determined that sanctions were not warranted.

{¶ 15} The trial court also concluded that it did have subject-matter jurisdiction to rule on MVH's request for a final judgment entry, because the trial court retained limited subject-matter jurisdiction to address the collateral issue raised

by the request to clarify whether the summary judgment decision was a final, appealable order. In a separate decision, the trial court sustained MVH's request for a final judgment entry, concluding that although the summary judgment decision was an interlocutory decision at the time it was filed, because it did not include a Civ.R. 54(B) certification that there was no just reason for delay, "[t]he Finality of the *Full.SJ Dec.* 'vested' as a matter of law when the Plaintiffs voluntarily dismissed with prejudice the remaining claims against the only remaining defendant, Defendant Landis."

{¶ 16} The trial court found that "[i]n light of both the *Denham* [*v. New Carlisle* (1999), 86 Ohio St.3d 594, 716 N.E.2d 184] majority and dissent, an interlocutory judgment will 'vest' into a final judgment when the remaining claims against the remaining defendants are resolved with prejudice." The trial court concluded that although the notice of voluntary dismissal purported to dismiss Landis without prejudice, Landis was dismissed with prejudice because the appellants had voluntary dismissed substantially similar claims against Landis in a Miami County case, rendering the dismissal an adjudication upon the merits pursuant to Civ.R. 41(A). The trial court held as follows:

{¶ 17} "[T]he language in the *Dismissal Entry* regarding the purported dismissal and potential for refiling of the Plaintiffs' claims against Defendant MVH was ineffective as a matter of law. The *Full.SJ Dec.* was initially an interlocutory judgment because, while the finality qualifications were met pursuant to the definition in R.C. § 2505.02(B), the initially applicable Civ. R. 54(B) additional finality qualification was not met. Therefore the *Full.SJ Dec.* was subject to revision. But this Court rejects the argument that the decision was subject to be dissolved when the Plaintiffs attempted to unilaterally dismiss the claims against Defendant MVH through an improper, untimely use of Civ. R. 41(A).

{¶ 18} "Furthermore, this Court also holds that because the Plaintiffs effectively rendered a judgment on the merits for the remaining claims against the remaining defendant, Landis, the procedural fact that the Plaintiffs had raised multiple claims against multiple defendants changed. That procedural change made Civ. R. 54(B) inapplicable. Defendant MVH was the only defendant then remaining, but summary judgment had been entered in its favor, albeit as an interlocutory judgment. The interlocutory summary judgment thereby 'vested' into a final judgment, as all the *applicable* finality qualifications were then satisfied. Therefore, this Court holds that the *Full.SJ Dec.* by operation of law became a final judgment as of January 26, 2004, which is the date the finality 'vested.'"

{¶ 19} The trial court concluded that when the summary judgment thus became final, the judgment became appealable. Accordingly, the trial court

sustained MVH's request for a final judgment entry. It is from this decision of the trial court that the appellants appeal.

{¶ 20} In February 2004, a month after the appellants filed their notice of voluntary dismissal in 2003–CV–0573, the appellants refiled their complaint against Landis and MVH in case No. 2004–CV–01422. MVH filed a motion to dismiss, which was again converted into a motion for summary judgment. Landis also filed a motion for summary judgment; however, the appellants later voluntarily dismissed Landis, with prejudice, after settling their claim against her. The trial court granted MVH's motion for summary judgment, concluding that the appellants' claims were barred by the doctrine of res judicata because the appellants' claims were substantially similar to their claims made in 2003–CV–0573, and the summary judgment decision in 2003–CV–0573 had been determined to be a final, appealable order. The appellants also appeal from this decision of the trial court. In the interest of judicial economy, we have ordered the appeals consolidated.

## II

{¶ 21} The appellants' first and second assignments of error pertaining to 2003–CV–0573 are as follows:

{¶ 22} "The trial court erred when it ruled that it had subject matter jurisdiction over appellee's request for final judgment entry.

{¶ 23} "The trial court erred when it ruled that appellants' voluntary dismissal of this entire case converted the trial court's interlocutory decision granting appellee summary judgment into a final appealable order."

{¶ 24} The appellants contend that the trial court erred in concluding that it had subject-matter jurisdiction to rule on MVH's request for a final judgment entry, because it addressed the merits of the case rather than a collateral issue. The appellants contend that the merits of the case were affected when the trial court converted the interlocutory summary judgment decision into a final, appealable order, thereby interfering with the appellants' absolute right of dismissal, and precluded the appellants from refiling their case and from appealing the summary judgment decision. The appellants contend that even if the trial court had subject-matter jurisdiction to rule on MVH's request for a final judgment entry, the trial court erred in sustaining MVH's request for a final judgment entry, because the interlocutory summary judgment decision was prevented from becoming a final adjudication of those claims when the appellants voluntarily dismissed the entire case.

{¶ 25} The parties do not dispute that the summary judgment decision was an interlocutory order when filed, because the trial court failed to enter a

Civ.R. 54(B) certification that there was no just reason for delay, where there were multiple parties involved and an adjudication on fewer than all claims. See Civ.R. 54(B). Rather, the parties dispute the effect of the appellants' notice of voluntary dismissal on the interlocutory summary judgment decision.

{¶ 26} The appellants contend that when they voluntarily dismissed the entire case, the interlocutory summary judgment decision dissolved. In support of their contention, the appellants cite several cases from the Eighth, Tenth, and Sixth Districts as well as two cases from this court, *McKay v. Promex Midwest Corp.,* Montgomery App. No. 20112, 2004-Ohio-3576, 2004 WL 1510597, and *Jackson v. Allstate Ins. Co.,* Montgomery App. No. 20443, 2004-Ohio-5775.

{¶ 27} MVH contends that the interlocutory summary judgment decision became a final, appealable order, in accordance with *Denham v. New Carlisle* (1999), 86 Ohio St.3d 594, 716 N.E.2d 184, when the appellants filed their notice of voluntary dismissal, because the appellants dismissed the only remaining defendant Landis. MVH contends that the appellants' attempt to dismiss the entire case, as opposed to the remaining parties, "sets forth a trivial, minute distinction, which is completed [sic] unsupported by any reasoning within *Denham.*" MVH contends that "[s]ince Appellants only had one remaining claim against Landis, in essence, Appellants' dismissal of 'the entire case' is completely equivalent with the dismissal of this remaining negligence claim."

{¶ 28} Civ.R. 41(A)(1) provides:

{¶ 29} "[A] plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

{¶ 30} "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;

{¶ 31} "(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.

{¶ 32} "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court."

{¶ 33} The Ohio Supreme Court has interpreted this language to mean that "a Civ.R. 41 dismissal dismisses all claims against the defendant designated in the dismissal notice and does not apply to defendants named in the complaint who are not designated in the notice of dismissal." *Denham,* 86 Ohio St.3d at 597, 716 N.E.2d 184. In *Denham,* the trial court granted summary judgment in favor of one of several defendants in a civil action, without including a Civ.R.

54(B) certification, and the plaintiff thereafter dismissed the remaining defendants pursuant to Civ.R. 41(A)(1). The Ohio Supreme Court held that "a voluntary dismissal pursuant to Civ.R. 41(A) renders the parties as if no suit had ever been filed against only the dismissed parties." Id. The court held that a trial court's summary judgment decision for one of several defendants in a civil action without a Civ.R. 54(B) certification becomes "a final appealable order when the plaintiff voluntarily dismisses the remaining parties to the suit pursuant to Civ.R. 41(A)(1)." Id. In effect, the interlocutory summary judgment decision becomes a final, appealable order when the plaintiff voluntarily dismisses the remaining parties, pursuant to Civ.R. 41(A).

{¶ 34} In *McKay*, this court recognized that "[a]fter *Denham*, lower courts have rejected appeals from interlocutory decisions where the plaintiff has dismissed the claims against all defendants. This is based on the theory that dismissal of all plaintiff's claims under Civ. R. 41(A) 'renders the parties as if no suit had ever been filed.'" *McKay*, 2004-Ohio-3576, at ¶ 30, quoting *Denham*, 86 Ohio St.3d at 597, 716 N.E.2d 184. In *Jackson*, we found that the Sixth, Eighth, Ninth, and Tenth Districts have all held that the voluntary dismissal of all defendants renders a prior interlocutory summary judgment ruling a nullity. *Jackson*, 2004-Ohio-5775, at ¶ 26–28. We offered the following analysis of case law:

{¶ 35} "[I]n *Harper v. Metrohealth Med. Ctr.*, Cuyahoga App. No. 81048, 2002-Ohio-5861 [2002 WL 31402001], the plaintiff brought suit against ten different doctors or medical facilities, alleging medical malpractice. Four physicians filed a motion for summary judgment after the plaintiff had failed to file an expert report by the deadline for doing so. The plaintiff responded by voluntarily dismissing her claims against three of the physicians but inadvertently left one doctor as a party to the lawsuit. The trial court subsequently granted summary judgment in that doctor's favor. After the court denied the plaintiff's motion for relief from judgment, she voluntarily dismissed the entire action without prejudice. The plaintiff then tried to appeal the summary judgment ruling.

{¶ 36} "The Eighth District dismissed the appeal for want of a final order. It held that, due to Civ.R. 54(B), the summary judgment ruling was interlocutory and, therefore, her motion for relief from judgment was invalid. The court of appeals further concluded that the summary judgment decision was a nullity, stating: 'Because Harper chose to dismiss the "action" as opposed to the remaining defendants, she dismissed the interlocutory summary judgment as well. This means that summary judgment which is the object of this appeal is not final.' Id. at ¶ 11; see also *Stohlman[n] v. Koski–Hall*, Cuyahoga App. No. 82660, 2003-Ohio-7068 [2003 WL 23010001] (same).

{¶ 37} "The Sixth, Ninth, and Tenth Districts have likewise held that the voluntary dismissal of all defendants renders a prior interlocutory summary judgment ruling a nullity. See *Toledo Heart Surgeons v. [Toledo Hosp.]*, Lucas App. No. L–02–1059, 2002-Ohio-3577 [2002 WL 1561105]; *Ohio Farmers Ins. Co. v. Modine Mfg.* (Sept. 5, 2001), Medina App. Nos. 3114–M, 3116–M [2001 WL 1011959]; *State ex rel. Mogavero v. Belskis*, Franklin App. No. 02AP–164, 2002-Ohio-6497 [2002 WL 31667241]. As stated by the Sixth District: 'We hold that an order which grants a motion for summary judgment or a dismissal for failure to state a claim upon which relief can be granted to a party while claims against other parties are pending, and which does not contain Civ. R. 54(B) language that there is no just reason for delay, is not appealable when the entire action is later dismissed without prejudice to Civ. R. 41(A). Rather, such order is dissolved and has no *res judicata* effect.' *Toledo Heart Surgeons*, supra, at ¶ 35." *Jackson*, 2004-Ohio-5775, at ¶ 26–28.

{¶ 38} In this case, the appellants filed a notice of voluntary dismissal notifying the trial court that they were "voluntarily dismissing this case without prejudice, and subject to refiling pursuant to Civ. R. 41(A) against all party Defendants, Angela Landis and Miami Valley Hospital, Inc." The notice clearly includes the voluntary dismissal of all defendants, naming both Landis and MVH. Based on the foregoing case law, we conclude that the appellants' voluntary dismissal of all defendants in this case prevents the prior interlocutory summary judgment decision from becoming a final adjudication of the claims with which it is concerned.

{¶ 39} MVH's reliance on *Denlinger v. Columbus*, Franklin App. No. 00AP–315, 2000 WL 1803923, is misplaced because the procedural facts of that case are significantly different. When the trial court in *Denlinger* granted the defendants' motion to dismiss, it specifically found that pursuant to Civ.R. 54(B), there was no just reason for delay. *Denlinger*, 2000 WL 1803923, at *2. Thus, the trial court's inclusion of a Civ.R. 54(B) certification made the dismissal entry a final, appealable order. Id. at *3. In this case, the trial court failed to enter a Civ.R. 54(B) certification; therefore, the summary judgment decision was interlocutory.

{¶ 40} MVH contends that permitting the appellants to dismiss their claims after an adverse summary judgment ruling would contravene the public policies set forth in the Rules of Civil Procedure. In *Jackson*, we addressed this argument, stating that we agreed that permitting a plaintiff "to dismiss an action after it has received an adverse ruling on the merits violates a sense of fair play." [2] *Jackson*, 2004-Ohio-5775, at ¶ 32. However, we went on to state that

_____

2. This is a separate issue from the issue of whether *all* of the claims in a case, including the claims that have been the subject of a prior, interlocutory summary judgment decision, have

"we have likewise recognized that Civ.R. 41 grants broad authority to the plaintiff to dismiss an action without prejudice at any point prior to the commencement of trial." Id.

{¶ 41} "In *Standard Oil Co. v. Grice* (1975), 46 Ohio App.2d 97, 75 O.O.2d 81, 345 N.E.2d 458, the trial court had struck a counterclaimant's voluntary dismissal of its counterclaim after the court issued an adverse opinion on the merits of the claim but prior to the opinion being journalized. On appeal, the plaintiff argued that a party could not avoid the impending res judicata effect of an adverse ruling by voluntarily dismissing the claim before a decision of the court is journalized. The plaintiff also argued that the submission of a motion for summary judgment should be considered the same as the commencement of trial, thus precluding a voluntary dismissal by the party under Civ.R. 41(A). We reversed, stating:

{¶ 42} " 'The language of Civil Rule 41(A)(1) and (C) requires no construction. It gives either party an absolute right, regardless of motives, to voluntarily terminate its cause of action at any time prior to the actual commencement of the trial. There is no exception in the rule for any possible circumstance that would justify a court in refusing to permit the withdrawal of a cause prior to the commencement of trial. This is the traditional Ohio policy of encouraging voluntary terminations. While such rule may be subject to abuse, as was recognized by the civil rules committee, the only limitation imposed is that a notice of dismissal operates as an adjudication upon the merits when filed by a party who once previously dismissed an action based on the same claim.' Id. at 100–101, 75 O.O.2d 81, 345 N.E.2d 458; see, also, *Lovins [v. Kroger Co.,* 150 Ohio App.3d 656, 2002-Ohio-6526, 782 N.E.2d 1171], supra; *State ex rel. Mogavero v. Belskis,* Franklin App. No. 02AP–164, 2002-Ohio-6497, ¶ 35 ('Under Civ.R. 41(A)(1)(a), a plaintiff has an absolute right, regardless of motive, to voluntarily and unilaterally terminate his or her cause of action without prejudice at any time prior to the commencement of trial')." *Jackson,* 2004-Ohio-5775, at ¶ 32–33.

{¶ 43} Although we sympathized with the defendant in *Jackson,* we stated that the plaintiff's dismissal of "the adverse, interlocutory summary judgment ruling was permitted by Civ. R. 41." Id. at ¶ 33. We further stated: "In light of the potential for abuse, the Rules Advisory Committee of the Supreme Court of Ohio may wish to reconsider the wisdom of allowing voluntarily dismissals, without

---

been voluntarily dismissed, or whether just the remaining claims have been voluntarily dismissed, as in *Denham v. New Carlisle,* supra. Assume, for example, that *only* the claims that have been the subject of a prior, interlocutory summary judgment decision are voluntarily dismissed, leaving the remaining claims pending for adjudication. The perceived undesirability of Civ.R. 41(A) would remain—that it permits a plaintiff to avoid an impending summary judgment by dismissing the claims with which the summary judgment is concerned before the interlocutory decision becomes final. The perceived undesirability of this result is, of course, a matter to be taken up with the Ohio Supreme Court in its rule-making capacity.

prejudice, at this late stage of a litigation. See *Lovins*, supra [150 Ohio App.3d 656, 2002-Ohio-6526, 782 N.E.2d 1171], at n. 7 (commenting that, '[a]lthough other Ohio courts also have held that a party may file a Civ.R. 41(A)(1)(a) notice of voluntary dismissal after a trial court announces a decision on the merits but before the filing of a judgment entry, we note that this view appears to be a minority position nationally.')." Id. We find these same principles to be applicable in this case.

{¶ 44} Because the appellants' voluntary dismissal of all the defendants in this case prevented the prior, interlocutory summary judgment decision from becoming a final adjudication of the claims with which it was concerned, we conclude that the trial court erred in concluding that the appellants' voluntary dismissal converted the interlocutory summary judgment decision into a final, appealable order and therefore erred in sustaining MVH's request for a final judgment entry.

{¶ 45} The appellants' first and second assignments of error pertaining to 2003–CV–0573 are sustained.

### III

{¶ 46} The appellants' third assignment of error pertaining to 2003–CV–0573 is as follows:

{¶ 47} "The trial court erred when it granted appellee's motion for summary judgment."

{¶ 48} The appellants contend that the trial court erred in granting MVH's motion for summary judgment on December 1, 2003. In October 2004, this court sustained, in part, MVH's motion to dismiss the appellants' direct appeal of the December 1, 2003 decision granting MVH's motion for summary judgment. We concluded that the appellants' direct appeal, on April 30, 2004, of the December 1, 2003 decision granting MVH's motion for summary judgment was not timely in accordance with App.R. 4(A). Therefore, we decline to address this assignment of error.

{¶ 49} The appellants' third assignment of error pertaining to 2003–CV–0573 is overruled.

### IV

{¶ 50} The appellants' only assignment of error pertaining to 2004–CV–01422 is as follows:

{¶ 51} "The trial court erred in granting appellee Miami Valley Hospital's motion for summary judgment."

{¶ 52} The appellants contend that the trial court erred in granting MVH's motion for summary judgment because there was no final, appealable order in 2003–CV–0573 to which the doctrine of res judicata would apply to bar the appellants' claims in 2004–CV–01422.

{¶ 53} We review the appropriateness of summary judgment de novo and follow the standards as set forth in Civ.R. 56. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265. "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201.

{¶ 54} Regarding the doctrine of res judicata, the Ohio Supreme Court has held that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 382, 653 N.E.2d 226, citing 1 Restatement of the Law 2d, Judgments (1982), Sections 24–25.

{¶ 55} In this case, the trial court granted MVH's motion for summary judgment, concluding that because it had determined the summary judgment decision in 2003–CV–0573 to be a final, appealable order, the appellants' claims were barred by the doctrine of res judicata. Because the trial court's prior, interlocutory summary judgment decision in favor of MVH was prevented from becoming a final adjudication of the claims with which it was concerned, as a result of the dismissal of those claims, along with others, by the appellants, pursuant to Civ.R. 41(A), the prior, interlocutory summary judgment decision has no res judicata effect on the subsequent litigation in 2004–CV–01422. Based on our disposition of the appellants' assignments of error in Part II, we conclude that the trial court erred in granting MVH's motion for summary judgment, because there was no final, appealable order in 2003–CV–0573 to which the doctrine of res judicata applies to bar the appellants' claims in 2004–CV–01422.

{¶ 56} The appellants' sole assignment of error pertaining to 2004–CV–01422 is sustained.

## V

{¶ 57} The appellants' third assignment of error pertaining to 2003–CV–0573 having been overruled and the remainder of the appellants' assignments of error

having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

WOLFF, J., concurs.

DONOVAN, J., dissents.

DONOVAN, Judge, dissenting.

{¶ 58} I disagree. The majority concludes that appellants' voluntary dismissal of "the case" purporting to encompass all claims against MVH as well as all claims against Landis renders a prior interlocutory summary judgment ruling a nullity. This focuses on appellants' wording of the January 26, 2004 notice of voluntary dismissal. The majority reasons that since appellants dismissed "the case" as opposed to the remaining defendant, Landis, the interlocutory summary judgment "dissolved" rather than became final in accordance with *Denham*.

{¶ 59} I would find that appellants lacked authority to sidestep the trial court's decision on the merits on all claims brought against MVH. It is undisputed that the trial court rendered a "decision, order and entry sustaining defendant Miami Valley Hospital's motion for summary judgment (converted motion to dismiss)" on December 1, 2003. Civ.R. 54(B) certification was not included in the decision, since the case remained pending against the alleged tortfeasor, Landis. However, it is important to point out that the trial court clearly stated in the conclusion of its summary judgment order, "MVH is hereby dismissed from the case sub judice."

{¶ 60} In accordance with Civ.R. 56(D), the trial court thus directed "such further proceedings in the action as are just" against the remaining party, Landis.

{¶ 61} I conclude that the trial court's dismissal of MVH as a party defendant prevented appellants from filing a Civ.R. 41(A) voluntary notice of dismissal encompassing MVH. By simply naming MVH in their notice of dismissal and using the phrase "the case," appellants do not make it so. Appellants might just as readily have voluntarily dismissed the sun, the moon, and the stars, but that wording wouldn't make it so. Nor may appellants seek to voluntarily dismiss MVH, a party previously dismissed by court order. Appellants were relegated to an involuntary dismissal of MVH, subject to revision only by court order at any time before the entry of judgment.

{¶ 62} Therefore, the grant of summary judgment to MVH and its dismissal as a party defendant by the trial court became a final, appealable order when the

appellants dismissed the remaining portion of "the case," to wit, Landis. Appellants having dismissed the sole remaining party defendant, Landis, this matter falls squarely within the Ohio Supreme Court holding in *Denham*. This conclusion not only comports with public policy but is consistent with Civ.R. 1(B), which requires that the Civil Rules "shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." Appellants' side step is indeed a misstep that does violate a sense of fair play. It is the trial judge controlling the adjudicatory process, not the appellants. MVH should not be required to defend the same claims a second time once they are dismissed by court order. Since the summary judgment decision became a final adjudication of the claims against MVH, the trial court properly concluded that appellants' voluntary dismissal of Landis converted the interlocutory summary judgment into a final, appealable order and therefore properly sustained MVH's request for a final judgment entry. Thus, I would overrule appellants' first and second assignments of error pertaining to 2003–CV–0573.

{¶ 63} Finally, because the trial court properly found its summary judgment decision in 2003–CV–0573 to be a final, appealable order, appellants' claims are barred by the doctrine of res judicata. Accordingly, I would overrule appellants' sole assignment of error pertaining to 2004–CV–01422 as well.