MEMORANDUM OPINION
{¶ 1} On March 15, 2006, appellant, Neil R. Wilson, filed a notice of appeal from a March 5, 2007 judgment entry of the Lake County Court of Common Pleas. *Page 2 
 {¶ 2} In the March 5, 2007 entry, the trial court granted, in part, and denied, in part, the motion to dismiss of appellees, The News-Herald and Gazette Newspaper. The trial court also dismissed appellant's defamation claims. The trial court further granted, in part, and denied, in part, the motion for judgment on the pleadings filed by appellees, Michael Vaccariello and Michael Palermo. All other claims remained pending. It is from that entry that appellant filed his notice of appeal.
 {¶ 3} On April 2, 2007, appellees, Curt Olsen, Glenn Gilbert, The News-Herald, and Journal Register East, Inc., filed a motion to dismiss the appeal. First, appellees assert that the appeal should be dismissed because the trial court's order did not dispose of all the claims and did not contain the requisite Civ.R. 54(B) language. Thus, appellees contend that this court lacks jurisdiction to hear the appeal since there is no final appealable order. Second, appellees allege that trial court lost jurisdiction to consider the notice of voluntary dismissal, pursuant to Civ.R. 41(A), since it was filed on March 16, 2007, the day after appellant filed his notice of appeal. Lastly, appellees argue that even if appellant had the ability to file the Civ.R. 41(A) dismissal, the language contained in it would make the appeal moot as the notice of voluntary dismissal dismissed the entire action.
 {¶ 4} Appellant filed a memorandum in opposition to appellees' motion to dismiss on April 12, 2007. In his memorandum, appellant claims that the March 5, 2007 entry is a final appealable order, and that the appeal was merely prematurely filed pursuant to App.R. 4(C). Appellant posits that the notice of appeal was filed on March 15, 2007, and the notice of voluntary dismissal was filed on March 16, 2007. Appellant contends that the notice of voluntary dismissal becomes effective upon filing and *Page 3 
requires no action by the trial court. Thus, appellant maintains that the filing of the notice of dismissal made the March 5, 2007 judgment a final appealable order.
 {¶ 5} On April 26, 2007, appellees Curt Olsen, Glenn Gilbert, The News-Herald, and Journal Register East, Inc. filed a motion for leave to file a reply brief instanter along with their reply brief to appellant's memorandum in opposition to the motion to dismiss.
 {¶ 6} In the reply brief, appellees allege that the appeal should be dismissed because the order appealed from is not a final appealable one since there are remaining claims, or, in the alternative, because the appeal is moot since appellant dismissed all claims, thereby dissolving the interlocutory order from which he appealed.
 {¶ 7} In Gruenspan v. Thompson (Oct 12, 2000), 8th Dist. No. 77276,2000 WL 1514357, at 2, the Eighth Appellate District stated:
 {¶ 8} "A voluntary dismissal by a plaintiff operates to nullify the claims brought against the dismissed party and leaves the parties as if the action was never filed. * * *, citing Denham v. New Carlisle (1999),86 Ohio St.3d 594, 596
* * *."
 {¶ 9} In addition to the Eighth Appellate District, the Second, Sixth, Ninth, and Tenth Districts have concluded that a voluntary dismissal of all defendants renders a prior interlocutory summary judgment ruling a nullity. See Fairchilds v. Miami Valley Hosp., Inc.,160 Ohio App.3d 363; Toledo Heart Surgeons v. The Toledo Heart Hosp., 6th App. No. L-02-1059, 2002-Ohio-3577; Ohio Farmers Ins. Co. v. Modine Mfg. (Sept. 1, 2001), 9th App. Nos. 3114-M and 3116-M, 2001 Ohio App. LEXIS 3921;State ex rel. Mogavero v. Belskis, 10th App. No. 02AP-164, 2002-Ohio-6497. As stated in Fairchilds, which cites to Toledo HeartSurgeons, supra, at ¶ 35, an order that grants a *Page 4 
summary judgment motion or a dismissal for failure to state a claim upon which relief can be granted to a party while claims against other parties are pending, and which does not contain the requisite Civ.R. 54(B) language that there is no just reason for delay, is not appealable when the entire action is later dismissed without prejudice pursuant to Civ.R. 41(A). "Rather, such order is dissolved and has no resjudicata effect." (Emphasis sic.) Toledo Heart Surgeons at ¶ 35.
 {¶ 10} In Fairchilds at ¶ 38, the appellants filed a notice of voluntary dismissal informing the trial court that they were "`voluntarily dismissing this case without prejudice, and subject to refiling pursuant to Civ.R. 41(A) against all party Defendants, Angela Landis and Miami Valley Hospital, Inc.'" The notice clearly included the voluntary dismissal of all defendants, and thus, the Second District concluded that the appellants' voluntary dismissal of all defendants prevented the prior interlocutory summary judgment decision from becoming a final adjudication of the claims with which it was concerned.
 {¶ 11} In the case at bar, on March 5, 2007, the trial court granted the motion to dismiss, in part, and denied it, in part, as to appellees, The News-Herald and Gazette. The trial court also granted, in part, and denied, in part, the motions for judgment on the pleadings of appellees, Michael Vaccariello and Michael Palermo. However, the action remained pending as to other defendants and as well as other claims. The trial court's March 5, 2007 order did not specify that there was no just cause for delay. On March 15, 2007, appellant filed a notice of appeal. Appellant subsequently dismissed his action the day after he filed his notice of appeal. Specifically, appellant's notice of dismissal stated that: *Page 5 
 {¶ 12} "Pursuant to Civil Rule 41(A)(1)(a), the Plaintiffs, Neil R. Wilson and Brian M. Kolkowski, voluntarily dismiss this action, including all remaining claims, without prejudice at Plaintiffs costs."
 {¶ 13} Based on the foregoing language contained in appellant's notice of dismissal, appellant voluntarily dismissed "this action, including all remaining claims." Therefore, because appellant dismissed the entire case pursuant to Civ.R. 41(A)(1)(a) and not just the remaining claims, this court lacks jurisdiction to consider the appeal.
 {¶ 14} Accordingly, appellees' motion to dismiss this appeal is hereby granted.
 {¶ 15} Appeal dismissed.
 CYNTHIA WESTCOTT RICE, P.J., COLLEEN MARY OTOOLE, J., concur. *Page 1