[Cite as *Rock House Fitness, Inc. v. Himes*, 2021-Ohio-245.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| ROCK HOUSE FITNESS INC., et al., | : | **MEMORANDUM OPINION** |
| Plaintiffs-Appellees, | : | |
| | | **CASE NO. 2020-L-075** |
| - vs - | : | |
| LANCE HIMES, INTERIM DIRECTOR OF THE OHIO DEPARTMENT OF HEALTH, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2020 CV 000631.

Judgment: Appeal dismissed.


*Curt Carl Hartman*, The Law Firm of Curt C. Hartman, 7394 Ridgepoint Drive, Suite 8, Cincinnati, Ohio 45230; *Christopher Neil Finney*, Finney Law Firm, LLC, 4270 Ivy Point Boulevard, Suite 225, Cincinnati, Ohio 45245; *Maurice Aaron Thompson*, 1851 Center for Constitutional Law, 122 East Main Street, Columbus, Ohio 43215 (For Plaintiff-Appellee).

*John W. Zeiger*, *Marion H. Little, Jr*., and *Daniel P. Mead,* Zeiger, Tigges & Little, LLP, 41 South High Street, Suite 3500, Columbus, Ohio 43215; *Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, Ohio 43215; *James Stephen* Simon, Buckingham, Doolittle & Burroughs, L.L.P., 3800 Embassy Parkway, Suite 300, Akron, Ohio 44333, *Justin S. Greenfelder*, Buckingham, Doolittle & Burroughs, L.L.P., 4277 Munson Street, NW, Canton, Ohio 44718 (For Defendant-Appellant).


MARY JANE TRAPP, P.J.

## Procedural Facts

{¶1} This matter is presently before us on the notice of appeal filed by the office of the Director of the Ohio Department of Health from the order granting a preliminary injunction entered by the Lake County Court of Common Pleas on May 20, 2020. On December 7, 2020, plaintiffs-appellees, Rock House Fitness, Inc., et al. (collectively "Rock House"), filed in the trial court a Civ.R. 41(A)(1)(a) notice of voluntary dismissal, without prejudice, of their verified complaint and all claims in this case.

{¶2} In light of this voluntary dismissal, on December 11, 2020, we ordered the parties to show cause as to whether this appeal should be dismissed for lack of jurisdiction. Defendant-Appellant, Lance Himes, Interim Director of the Ohio Department of Health (hereinafter the "Director"), filed the only response to the show cause order.

{¶3} The Director filed a brief response in support of jurisdiction, arguing (1) the trial court was divested of jurisdiction over a Civ.R. 41 voluntary dismissal once the notice of appeal was filed, and (2) allowing Rock House to voluntarily dismiss the appeal is contrary to App.R. 28. He directs our attention to only two appellate decisions: *Huntington Natl. Bank v. Syroka*, 6th Dist. Lucas No. L-09-1240, 2010-Ohio-1358, and *Huntington Natl. Bank v. CPW Properties, Ltd.*, 7th Dist. Carroll No. 17 CA 0917, 2018-Ohio-1219.

## Applicability of App.R. 28

{¶4} App.R. 28 provides:

{¶5} "If the parties to an appeal or other proceeding shall sign and file with the clerk of the court of appeals an agreement that the proceedings be dismissed and shall pay whatever costs are due, the court shall order the case dismissed.

2

{¶6} "An appeal may be dismissed on motion of the appellant upon such terms as may be fixed by the court."

{¶7} The Rule provides for two mechanisms for the dismissal of an appeal. The first is by "agreement" of the parties; the second is by a motion for dismissal filed by the *appellant*. We have neither in this matter. The Rule is silent as to a voluntary dismissal of all claims filed in the trial court by the *appellee*. Thus, the Rule appears inapplicable to the matter at hand, which is whether this court has jurisdiction to decide the appeal.

{¶8} In *Syroka, supra*, the bank obtained a judgment on a cognovit note, and the defendants appealed. *Id.* at ¶ 2. The bank then filed a notice of voluntary dismissal and a Civ.R. 60(B) motion to vacate the cognovit judgment, which the trial court granted. *Id.* at ¶ 3, 12. The bank moved to dismiss the appeal. *Id.* at ¶ 1.

{¶9} The Sixth District held the trial court did not have jurisdiction to rule on the Civ.R. 60(B) motion while the appeal was pending. *Id.* at ¶ 15. The Sixth District also held that the bank's notice of voluntary dismissal was a nullity because (1) the trial court did not have jurisdiction when it was filed; (2) the appellate court did not lose its jurisdiction when it was filed; and (3) it was contrary to App.R. 28. *Id.* at ¶ 6-11. The Sixth District denied the motion to dismiss, but it remanded the matter for the trial court to rule on the 60(B) motion. *Id.* at ¶ 16.

{¶10} *CPW Properties, supra*, began as a foreclosure action by Huntington Bank, and the trial court appointed a receiver over CPW's property. *Id.* at ¶ 2. The trial court subsequently granted Ohio Power's motion to intervene. *Id.* Ohio Power then filed a motion to set aside the order appointing receiver in the trial court and also filed an appeal from that order. *Id.* CPW filed for bankruptcy, and that part of the appeal was stayed. *Id.*

3

at ¶ 3.  Huntington Bank then voluntarily dismissed the trial court action and filed a motion to dismiss the appeal.  *Id.*

{¶11}  The Seventh District cited to the *Syroka* opinion in concluding that (1) the voluntary dismissal did not divest the appellate court of jurisdiction and (2) allowing an appellee to voluntarily dismiss an appeal by way of Civ.R. 41 was contrary to App.R. 28. *Id.* at ¶ 4.   The Seventh District did not, however, nullify the effect of the voluntary dismissal.   Rather, it held that the dispute between the parties on appeal—i.e., the receivership order—was rendered moot because the underlying foreclosure action had been voluntarily dismissed under Civ.R. 41 and the bankruptcy petition dissolved the reason for the receivership.  *Id.* at ¶ 5.

{¶12}  The Seventh District granted Huntington Bank's motion to dismiss the appeal under the mootness doctrine, because the circumstances prevented the court from granting relief in the case.  *Id.* at ¶ 6.  It further held that the "capable of repetition, yet evading review" exception did not apply, and hesitated to even consider the exception of "debatable constitutional question to resolve or matter of great public or general interest" because "such an action should be taken only by the highest court in the state." *Id.* at ¶ 7-10.

{¶13}  While at first blush, it would appear these cases support the Director's argument that a Civ.R. 41 voluntary dismissal filed subsequent to the filing of the notice appeal is ineffective to extinguish this court's jurisdiction to hear the appeal of the preliminary injunction, the cases are distinguishable from each other, and the distinctions do make a difference in the outcome of our jurisdictional decision.

### *Sykora* and *CPW Properties* Distinguished

4

{¶14} "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments *or* final orders of the courts of record inferior to the court of appeals within the district * * *." (Emphasis added.) Ohio Constitution, Article IV, Section 3(B)(2).

{¶15} *Sykora* stands for the proposition that a notice of appeal filed from the *final judgment entered on the merits* precludes the plaintiff from filing a voluntary dismissal of the underlying claims. Because it was the final cognovit judgment, the entire case was properly before the court of appeals, and nothing remained unsettled in the trial court.

{¶16} *CPW Properties* stands for the proposition that a notice of appeal filed from an *interlocutory, yet final order*, does not preclude the plaintiff from voluntarily dismissing the underlying claims and, in effect, moots the issue on appeal. The only matter before the court of appeals was an interlocutory order appointing a receiver, which is a final order under R.C. 2505.02(B)(4), while the underlying foreclosure action remained unsettled in the trial court. *See, e.g.*, *Community First Bank & Trust v. Dafoe*, 108 Ohio St.3d 472, 2006-Ohio-1503, ¶ 25-27, citing *Forest City Invest. Co. v. Haas*, 110 Ohio St. 188, 192 (1924) (acknowledging that the appointment of a receiver is a provisional remedy as defined in R.C. 2505.02(B)(4), similar to a preliminary injunction, because it is an ancillary proceeding to the principal litigation).

{¶17} These cases are both consistent with Civ.R. 41(A)(1)(a), which states that "a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by * * * filing a notice of dismissal *at any time before the commencement of trial* * * *." (Emphasis added.)

{¶18} The difference in approaches is also consistent with decisions from our court. *See, e.g., Sutton v. Kim*, 11th Dist. Trumbull No. 2004-T-0061, 2005-Ohio-5866, and *Davis v. Tell Realty*, 11th Dist. Portage No. 98-P-0002, 1999 WL 1483441 (Feb. 12, 1999) (a notice of voluntary dismissal filed after the trial court enters final summary judgment is a nullity; a summary judgment proceeding is considered a "trial" because it involves judicial examination of factual and legal issues that could result in a final judgment on the merits of a claim). *Compare, e.g., Jones v. Natural Essentials, Inc.*, 11th Dist. Portage No. 2015-P-0005, 2015-Ohio-1073 (trial court granted defendant's motion to compel deposition testimony and for sanctions; plaintiffs appealed then filed a notice of dismissal of all claims in the trial court; appeal dismissed due to lack of jurisdiction), and *Wilson v. Vaccariello*, 11th Dist. Lake No. 2007-L-046, 2007-Ohio-2688 (trial court granted in part and denied in part both defendants' motion to dismiss and plaintiff's motion for judgment on the pleadings; plaintiff appealed then filed a notice of dismissal of all claims in the trial court; defendants' motion to dismiss appeal granted due to lack of jurisdiction).

{¶19} The Second District has also provided a concise explanation of the difference:

> A voluntary dismissal of all defendants renders an interlocutory summary judgment decision a nullity with no res judicata effect. *Fairchilds v. Miami Valley Hosp., Inc.,* 160 Ohio App.3d 363, 2005-Ohio-1712, 827 N.E.2d 381, ¶ 37–39 (2d Dist.) (where summary judgment for some defendants had no Civ.R. 54(B) language, it remained interlocutory and thus was dissolved by voluntary dismissal). However, if that decision was a final order, such as one containing Civ.R. 54(B) language, then the order was not an interlocutory one subject to nullification by a voluntary dismissal. *See id.* at ¶ 39, distinguishing *Denlinger v. Columbus,* 10th Dist. Franklin No. 00AP–315, 2000 WL 1803923 (Dec. 7, 2000) (voluntary dismissal has no effect on claims already subject to final adjudication).

*Hauser v. Dayton Police Dept.*, ,2013-Ohio-11, 986 N.E.2d 523, ¶9 (2d Dist.), fn. 1.

{¶20} Accordingly, we must determine whether the preliminary injunction now before us was, in effect, the final judgment on the merits or merely a R.C. 2505.02(B)(4) final order issued before the commencement of "trial." If this order is a final judgment on the merits, Rock House's notice of voluntary dismissal is a nullity, and the appeal should proceed.

### Final Judgment vs. R.C. 2505.02(B)(4) Final Appealable Order

{¶21} While an argument could be made that the trial court's sweeping preliminary injunction order with its constitutional pronouncements was, in effect, a final ruling on the merits of the case, we conclude the order was not so.

{¶22} "[N]ormally, a preliminary injunction is issued 'to preserve a status between the parties pending a trial on the merits.' * * * In contrast, a permanent injunction 'is issued after a hearing on the merits in which a party has demonstrated a right to relief under the applicable substantive law.'" *Island Express Boat Lines, Ltd. v. Put-In-Bay Boat Line Co.*, 6th Dist. Erie No. E-06-002, 2007-Ohio-1041, ¶ 92-93, quoting *Procter & Gamble Co. v. Stoneham*, 140 Ohio App.3d 260, 267 (1st Dist.2000); *see also State ex rel. Vaughn Industries, L.L.C. v. Reece*, 116 Ohio St.3d 1212, 2007-Ohio-6670, ¶ 6 (O'Donnell, J., dissenting) ("A hearing on a motion for preliminary injunction is not a 'trial' precluding voluntary dismissal pursuant to Civ.R. 41(A)(1)").

### The Claims for Relief

{¶23} Rock House's first amended complaint requested declaratory judgment and injunctive relief, solely under the Ohio Constitution. Rock House requested the trial court declare unconstitutional R.C. 3107.13 and R.C. 3701.56, as well as the closure and

7

criminalization of gym operations within the Stay Safe Ohio Order thereto, on the following grounds: failing to provide meaningful procedural due process; failing to afford equal protection of the law; violating the doctrine of separation of powers; and unconstitutionally vague.

{¶24} Rock House further requested the trial court declare unconstitutional the closure and criminalization of gyms under the Stay Safe Ohio Order as applied to the gyms so long as they operate safely. They requested injunctive relief, prohibiting defendants from enforcing or relying on the mandate closing gyms so as to prosecute, fine, imprison, or otherwise punish Rock House or others who operate safety. They further requested an award of costs, actual damages, nominal damages, expenses, and reasonable attorney fees.

{¶25} Rock House subsequently filed a motion for temporary restraining order ("TRO") and preliminary injunction. The TRO was denied.

**The Preliminary Injunction**

{¶26} In the order granting a preliminary injunction, the trial court found as follows, in relevant part and with emphasis added:

- "The movants have shown a strong or substantial likelihood or probability of success on the merits."

- "The director has quarantined the entire people of the state of Ohio, for much more than 14 days. *The director has no statutory authority to close all businesses, including the plaintiffs' gyms, which she deems non-essential for a period of two months. She has acted in an impermissibly arbitrary, unreasonable, and oppressive manner and without any procedural safeguards.*"

- "[T]he court finds that the plaintiffs have established that they will suffer irreparable harm if an injunction is not granted."

8

- "The plaintiffs will suffer imminent prosecution, sanctions, equitable, and economic harm by the continued closure of their businesses or any attempt to open the businesses in the absence of an injunction."

- "*Fundamental liberties to own and use property and earn a living are at stake and are violated by the defendants' actions.*"

- "The defendant has criminalized lawful businesses * * * [and] [s]ome of the plaintiffs' businesses will not survive the lockdown of two or more months."

- "*The plaintiffs have no adequate remedy at law*, as there is no means to obtain compensation, no monetary damages that can make them whole, and there is no administrative appeals process within the department of health regulation for this taking. An injunction is reasonably calculated to prevent the claimed irreparable harm."

- "*An injunction cannot harm the defendants, for the defendants should not have the ability to enact and enforce the director's sweeping ultra vires orders.*"

- "The general public would be harmed if an injunction was not granted."

- "There would be a diminishment of public morale, *and a feeling that one unelected individual could exercise such unfettered power to force everyone to obey impermissibly oppressive, vague, arbitrary, and unreasonable rules that the director devised and revised, and modified and reversed, whenever and as she pleases, without any legislative guidance.* The public would be left with feelings that their government is not accountable to them."

{¶27} Despite the trial court's talismanic statement that "[t]he preliminary injunctive relief sought is for the purpose of maintaining the status quo pending a trial on the merits and should be granted," certain findings in this order go far beyond an order maintaining the status quo. Rather, the trial court determined the gyms have no adequate remedy at law and that the Director's actions are unconstitutional—these are conclusions that should have been reserved for a final judgment. Additionally, the trial court does not

9

provide that the order is effective until a date certain or even until further order of the court.

### Despite Its Breadth, It is Not a Final Judgment on the Merits

{¶28} Nevertheless, there is also a fundamental due process concern with treating this order as the final judgment on the merits. "Where a hearing on an application for a preliminary injunction is to be consolidated with a trial on the merits, Civ.R. 65(B)(2) requires the court to issue a 'consolidation' order before the hearing, thus providing the parties with notice that the case is, in fact, being heard on the merits." *Turoff v. Stefanac*, 16 Ohio App.3d 227 (8th Dist.1984), paragraph two of the syllabus.

{¶29} For example, in *Ohioans for Concealed Carry v. Columbus*, ,2019-Ohio-3105, 140 N.E.3d 1215 (10th Dist.), the Tenth District held that the city was prejudiced by the trial court's failure to give clear and unambiguous notice that it intended to consolidate the preliminary injunction hearing with the trial on the merits, where gun rights activists did not disclose their expert's opinions before hearing; the city was unable to effectively cross-examine the activists' expert; the city made the strategic decision based on procedural status of the matter to not present expert or factual evidence; and the trial court relied on the activists' expert testimony in its resolution of the issues.

{¶30} By contrast, in *Keystone Commt. v. Switzerland of Ohio School Dist. Bd. of Edn.*, 2016-Ohio-4663, 67 N.E.3d 1 (7th Dist.), the Seventh District held that the trial court did not abuse its discretion in failing to issue an order providing notice of consolidating the preliminary injunction hearing with the trial on the merits, where the school board was present and participated in hearing with witnesses; the plaintiffs filed an unopposed motion to admit the deposition testimony of an absent board member as trial testimony;

10

the plaintiffs' complaint sought a permanent injunction; and the school board never objected to or discussed the subject of the consolidation of the hearings.

{¶31} Here, the subject of consolidation was discussed and rejected by Rock House. In the order denying the TRO, the trial court explained that the court had offered to expedite the request for permanent injunction by consolidating it with the preliminary injunction hearing, but Rock House declined in order to conduct discovery and further motion practice.

{¶32} Thus, we determine the preliminary injunction order here is not a final judgment on the merits and that trial had not commenced in this matter. As we previously concluded in our November 24, 2020 judgment entry denying Rock House's motions to dismiss, the preliminary injunction is an interlocutory order that is a "final order" for purposes of appeal, pursuant to R.C. 2505.02(B)(4).

**Order Granting a Provisional Remedy - Finality for Appeal**

{¶33} R.C. 2505.02(B)(4) provides:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> * * *
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

11

{¶34} "'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction * * *." R.C. 2505.02(A)(3).

> Legal dictionary definitions also exist for a "provisional remedy":
> A remedy provided for present need or for the immediate occasion; one adapted to meet a particular exigency. Particularly, a temporary process available to a plaintiff in a civil action, which secures him against loss, irreparable injury, dissipation of the property, etc., while the action is pending. Such include the remedies of injunction, appointment of a receiver, attachment, or arrest.
>
> Black's Law Dictionary (5th Ed.1979) 1102.
>
> A remedy of a party to an action, not intended as means of reaching a determination and adjudication of the issue or issues, but as a means whereby the party who invokes it successfully prevents the adverse party from taking steps during the course of the action which would thwart the enforcement of a judgment obtained in the action. Not a special proceeding, but a merely collateral proceeding permitted only in connection with a regular action, and as one of its incidents.
>
> Ballentine's Law Dictionary (3d Ed.1969) 1016-17.

*Duryee v. Rogers*, 8th Dist. Cuyahoga No. 74963, 1999 WL 1204875, *4 (Dec. 16, 1999).

{¶35} In *Dafoe*, *supra*, the Supreme Court of Ohio also describes ancillary proceedings and provisional remedies as aiding the principal proceeding; conserving the interests of litigants during the course of the principal litigation; a proceeding that must be appended to a principal action and whose validity depends upon the validity of the principal action; and acting in furtherance of the main action but with their own lives. *Id*. at ¶ 25-26.

{¶36} At least one court has held that for a provisional remedy to exist, the underlying action must also be currently in existence, i.e., a pending action, not anticipated future litigation. *See State v. Pierce*, 2d Dist. Montgomery No. 25199, 2013-Ohio-1372, ¶ 16-17.

{¶37} It follows that the notice of voluntary dismissal in this matter was effective to dismiss the underlying claims because the preliminary injunction was merely "ancillary to" the action.

{¶38} Further, and most importantly in light of the on-going pandemic and public health crisis, the voluntary dismissal renders the preliminary injunction order a nullity with no res judicata effect. "'A dismissal without prejudice leaves the parties as if no action had been brought at all.'" *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596 (1999), quoting *DeVille Photography, Inc. v. Bowers*, 169 Ohio St. 267, 272 (1959). Accordingly, an effective voluntary dismissal serves to nullify all prior orders of the trial court in the action, which would include this preliminary injunction order. *E.g., Latronica v. W. S. Life, Inc.*, 7th Dist. Mahoning No. 04 MA 227, 2005-Ohio-2935, ¶ 21; *Hairline Clinic, Inc. v. Riggs-Fejes*, 9th Dist. Summit No. 25171, 2011-Ohio-5894, ¶ 17 (because the parties had dismissed the action, the preliminary injunction was no longer in effect and could not have formed the basis for the finding of contempt).

**Mootness Exceptions Considered**

{¶39} As such, the ancillary issue on appeal has been rendered moot. But again, in light on the fact of the on-going pandemic and public health crisis, the issue remains whether any exception to the mootness doctrine applies here.

{¶40} In our judgment entry overruling Rock House's earlier motion to dismiss the appeal, we held that the issue was not moot because it was capable of repetition, yet evading review. However, with the intervening Civ.R. 41(A)(1)(a) dismissal of the underlying action by Rock House in the trial court, there is no longer anything in existence capable of repetition because it is as if the order was never issued. This change in the

13

procedural posture of the case since our judgment entry was issued has now rendered the case moot.

{¶41} Another arguable exception that could apply is where the matter appealed is one of great public interest or general interest or there remains a debatable constitutional question to resolve. The trial court did find in its order that the Director had acted unconstitutionally and ultra vires. It has been held that "[a]n order that declares a legislative enactment unconstitutional affects a substantial right of the government." *Lamar Advantage GP Co., LLC v. Cincinnati*, 2020-Ohio-3377, 155 N.E.3d 245, ¶ 12 (1st Dist.), citing *Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868 (10th Dist.). Generally, however, this exception is reserved for the highest court of the state, not intermediate appellate courts. *E.g., CPW Properties, supra*, at ¶ 10, citing *In re Brown*, 10th Dist. Franklin No. 03AP-1205, 2005-Ohio-2425, ¶ 18.

{¶42} Recognizing this admonition, we cannot justify application of this exception to the mootness doctrine in the present circumstances. Our resolution of the appeal would have no practical legal effect upon an existing controversy because it is as if no controversy ever existed. Any opinion this court would issue would therefore be completely advisory.

{¶43} Therefore, we find the appeal should be dismissed for lack of jurisdiction due to mootness of the issue before us.

{¶44} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,
THOMAS R. WRIGHT, J.,
concur.

14